### Eugene Bonnet *v.* Amelia Legras.

A new trial will not be granted on the ground of newly discovered evidence, where the court is not satisfied that the party could not, with proper diligence, have discovered and obtained it before the trial, and where the affidavit contains no allegation of its importance or materiality.

Appeal from the District Court of Rapides, *Boyce*, J. The plaintiff alleges that he leased from the defendant for five years, at an annual rent of fifteen hundred dollars, a building which had been occupied by the husband of the defendant, then deceased, as a coffee house and confectionary, and which he proposed to use for the same purpose; that he was induced to pay so high a rent in consideration of the benefit to be derived from various fixtures and utensils connected with the establishment, and offered to him by the lessor as an inducement to take the premises; that since the date of the contract, the defendant has removed a large portion of the fixtures and utensils, which could not be replaced for less than four hundred dollars. He also claimed the sum of one hundred and eighty dollars as damages for the retention of the upper part of the building by the lessor, for one month after she had contracted to deliver it. The action was commenced the 11th of April, 1838, and the case was continued from term to term, till May, 1841, when a verdict and judgment were rendered.

*O. N. Ogden*, for the plaintiff.

*Dunbar* and *Hyams*, for the defendant.

Bullard, J. This is an action to recover damages of a lessor for violation of the contract of lease. The case was submitted to a

jury who found a verdict for the plaintiff for one hundred and ninety-five dollars. The defendant made a motion for a new trial, which being overruled, and judgment rendered upon the verdict, she appealed.

It is contended by her counsel that the court erred in not allowing a new trial, upon her affidavit of newly discovered evidence.

She made oath that since the trial she had discovered that one Ralph Canada, now residing in Natchez, can prove that he was solicited by Bonnet to appraise the distillery and confectionary utensils belonging to the late Mr. Legras's estate at the time of hiring of the premises, and that Bonnet, afterwards declined taking them. That Canada acted in conjunction with George Russell, since deceased. That he resides in Natchez, and that the knowledge that he could prove these facts, was not possessed by her at the time of the trial, whereby it was utterly impossible to have produced the same on the trial, or to have obtained a commission to take his deposition. We are of opinion the court did not err. The action had been pending more than three years, and the affidavit does not satisfy us that, with proper diligence, the defendant could not have discovered and obtained the evidence previously to the trial, nor does its importance or materiality appear from the affidavit. Code of Practice, 560.

Upon the merits, the case was fairly put to the jury, and we see no ground for disturbing the verdict.

*Judgment affirmed.*