THE UNION BANK OF LOUISIANA *v.* JOSEPH B. ROBERT.

A motion for a new trial on the ground of newly discovered evidence will be over-ruled, where the affidavit does not state that the evidence is important or material, nor that the party had used due diligence to procure the necessary testimony.

The absence of counsel, where the cause of it is not shown, or his neglect to attend to a case, is no ground for a new trial.

APPEAL from the District Court of Avoyelles, *Campbell*, J.

*Taylor* and *Swayze*, for the plaintiffs. No counsel appeared for the appellant.

MORPHY, J. The defendant is appellant from a judgment, rendered against him by default, and regularly confirmed in due course of law. The suit had been brought on a note drawn to his order by L. A. Robert, and held by the plaintiffs. A motion for a new trial was made below, and, in support of it, the defendant made oath, that shortly after the institution of this suit he

employed Wm. M. Stafford, Esq., to defend it; that, in the absence of his attorney, the case was taken up and tried, and that until the cause was up for trial, the affiant was not aware that his counsel had not made, or prepared a defence for him; that since the trial of the cause, he has ascertained that it is in his power to prove that Holmesville, the post-office to which notice of protest was sent to him, is not the nearest post-office to his house, but that the office at Bayou Rouge is the nearest, and that he is in the habit of receiving letters from the latter office; and that the knowledge of this proof has come to him since the trial of his cause; &c. We are of opinion that the court below did not err, in refusing the new trial prayed for. The affidavit does not state that the newly discovered evidence is important or material, or that the defendant has used proper diligence to procure the testimony necessary. The facts that the Bayou Rouge office was nearer his house than that at Holmesville, and that he was in the habit of receiving his letters at the former office, as he states, were certainly within his knowledge, if true; and, with the least diligence, he might have procured the testimony of his neighbors, and of the postmaster to prove them. Code of Practice, arts. 560, 561. 7 La. 84. 10 La. 371. 1 Rob. 92. As to the absence of the defendent's counsel, or his neglect to attend to the case, it surely forms no ground for a new trial. It is not shown that he was prevented from appearing by indisposition, or any other cause. Nor does it even appear that his services were so secured by the defendant, as to make it his duty to appear in the case. 13 La. 424.

*Judgment affirmed.*