### *INGRAHAM vs WHITE.*

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF EAST FELICIANA.

The necessary absence of the counsel from indisposition, or his attendance on public business, entitles the client to a continuance ; but he cannot claim this indulgence on the voluntary absence of his counsel in attending another court, especially when another counsel is engaged and attends, and it is not alleged that the one absent is in possession of important papers, which could not be obtained from him.

The party who excepts to the opinion of the court, must take care that the bill of exceptions contain all the facts necessary to be known in revising the opinion of the inferior court.

The Code requires the magistrate to draw a process verbal of the taking of the depositions, annex *the same* to the commission and interrogatories, if there be any, and seal *the same* with his private seal.

Parol evidence may be given of the existence of articles of partnership, but not of their contents.

On the 28th of June, auditors were appointed to examine

the partnership accounts and to make their report on the
second Monday in September. On the 8th of November
(the auditors not having reported) the defendant's counsel
had the cause set for trial on the 15th, on which day it was
continued by consent until the 23d. On the day of trial,
a continuance was prayed for, on the affidavit of the plaintiff: " that he could not safely go to trial, on account of the
absence of E. W. Ripley, his senior counsel : that the cause
had been set down for trial since Ripley had gone to Washita, and that plaintiff had not been able to inform him of
the day of trial." The continuance was refused, and the
plaintiff took his bill of exceptions.

The counsel for the defendant objected to the introduction of depositions taken in New-Orleans, on the ground,
that the magistrate had not affixed his seal of office, or private seal, to the certificate of the commission. This objection was sustained, and the plaintiff excepted. The defendant
offered to prove by parol that, there were written articles of
partnership between the plaintiff and M'Gilvary. This
was opposed by the plaintiff, on the ground that, under a
general denial of partnership, and without craving *oyer* of
the articles of agreement, the defendant could not give
evidence of a written agreement. The objection was overruled, and the plaintiff excepted. On the merits, there was
judgment for the defendant, and the plaintiff appealed.

*Ripley,* for appellant :

1. The necessary absence of counsel, is sufficient ground
for the continuance of a cause.

2. The testimony of the Dicks was improperly rejected.
The only reason for its rejection was, that the judge did not
affix his private seal to the certificate of the process verbal.
The commission was duly sealed up. The documents, *to
wit. :* commission and interrogations, were all sealed together by the judge; but to his signature to the certificate the
formality of a seal was wanting. This was unnecessary.

The 433d article of the code does not mean to require this formality. The judge was bound, 1st, to draw a process verbal; 2d, annex it to the commission and interrogatories, if their be any, and seal them with private seal, or, in other words, seal them together with his private seal, so as to identify them as belonging to the same deposition.

*Hearsy*, contra:

1. The plaintiff relies upon decisions of this court, in support of the position that the necessary absence of counsel is a sufficient cause for continuance, and alludes probably to the following cases for that purpose, *viz.: Patin* vs. *Poydrass*, 5, *N. S.* 639, and *Ballio et al.* vs. *Wilson*, 6, *N. S.* 334. In these cases as well as in that of *Barry* vs. *La. In. Co.* 12, *Martin*, 484, it was shown to the court, that the absent counsel was unable to attend, in consequence of indisposition. If absence on public duties, in which the state may enforce obedience, be also a sufficient cause for continuance, the absence of counsel, in the fulfillment of voluntary engagements, will hardly entitle a party to the same latitude of indulgence.

In the case of *Bayonjohn's heirs* vs. *Criswell*, a continuance was refused, notwithstanding the absent counsel, was in possession of material testimony.—5, *M. N. S.* 232.

2. The exception to the opinion of the judge, rejecting testimony, on the ground that the judge who took the deposition, did not affix his seal to the certificate of the process verbal, presents the second point. The 433d article of the Code of Practice requires a seal, which, in this case, was omitted.

*Martin, J.,* delivered the opinion of the court.

The plaintiff and appellant complains that:

1. A continuance was improperly denied him.
2. The deposition of a witness was improperly rejected.
3. Illegal evidence was received.

I. The continuance was claimed on the plaintiff's affida- vit, that "he cannot safely go to trial, on account of the absence of E. W. Ripley, his senior counsel ; that the cause was set down for trial since Ripley is gone to Washita, and the plaintiff has not been able to inform him of the day of trial."

The record shews, that on the 28th of June last, the case was submitted to referees; and, on the 8th of November, the latter having made no return, and the rule submitting the case to them not being discharged, the case was set down for trial, on the motion of the defendant's counsel, for the 15th. The referees having been directed to make their report, on the second Monday of September; and on the day of trial, the case was, with the consent of counsel, continued till the 23d, when the cause was called for trial, and the continuance prayed for and refused.

The counsel has relied on *Flower* vs. *M'Michen*, 2, *Martin, N. S.* 132, and, 5, *id.* 232.

No objection appears to have been taken below to the absence of the report of the referrees, nor to the existence of the rule; and it appears, that after the case was set down, the plaintiff's counsels did not object to its being tried without the report, but consented to its being heard on another day, than the one for which it was set down.

In the cases cited by the plaintiff's counsel, viz.: *Patin* vs. *Poydras*, 5 *id.* 639—*Baillio et al.* vs. *Wilson*, 6 *Id.* 334, and *Barry* vs. *Louisiana Insurance Company*, 12 *Martin*, 484, we have held, that the *necessary* absence, on account of the sickness of the counsel, or his attendance on public business, entitled the client to a continuance ; but he cannot claim this indulgence, on the *voluntary* absence of his lawyer, in attending another court, especially when other counsel is engaged and attending, and it is not alleged that the absent lawyer is in possession of important papers, that could not have been obtained from him.

The necessary absence of the counsel from indisposition or his attendance on public business, entitles the client to a continuance; but he cannot claim this indulgence on the voluntary absence of his counsel in attending another court, especially when another counsel is engaged and attneds,

K 2

INGRAHAM
*vs.*
WHITE.

and it is not alleged that the one absent is in possession of important papers, which could not be obtained from him.

We think the court did not err in refusing the continuance.

II. The deposition of one of the plaintiff's witnesses was rejected on the ground, that the magistrate who received it, did not affix his seal of office, or private seal, to the " certificate of the commission." His counsel took a bill of exceptions.

He has contended in this court, that the deposition, the commission, interrogatories, and process verbal of the execution of the commission, were all tacked together, and sealed together ; the whole inclosed in a sealed cover, and this is all the law requires.

The defendants counsel has insisted, that the law requires a seal to the process verbal.—*Code of Practice* 433.

The party who excepts to the opinion of the court, must take care that the bill of exceptions contain all the facts necessary to be known here, in revising the opinion of the inferior court. The bill does not support the allegation made in this court, that there was the seal of the justice on the tape or riband by which the different papers were connected together.

The party who exceps to the opinion of the court, must take care that the bill of exceptions contain all the facts necessary to know in revising the opinion of the interior court.

The Code requires the magistrate to " draw a process verbal of the taking of such a commission, to annex *the same* to the commission and interrogatories, if there be any, and seal *the same* with his private seal."

The Code requires the magistrate to draw a process verbal of the taking of the depositions; annex *the same* to the commission and interrogatories, if there be any, and seal *the same* with his private seal.

III. The defendant was permitted to prove by a witness, that "there were written articles of partnership" between the plaintiff and another person. This was objected to, on the ground, that " under the general issue, and without craving *oyer* of the articles of agreement, the defendant could not give evidence of a written agreement.

Parol evidence may be given of the existance of articles of partnership, but not of their contents.

It is not pretended that the witness was offered to prove the contents of the articles of partnership, but their existence only was offered to be proved ; probably to repel oral evidence in regard to the terms on which the partners were trading together. We think the court did not err.

It is therefore ordered, adjudged, and decreed, that the judgment of the Court of Probates be affirmed with costs.