SOEY'S HEIRS
*vs.*
SOEY'S CURATOR.
Commercial
partners may all
be sued in the
parish in which
they conduct
their business,
although one of
them resides and
is domiciliated
in a different pa-
rish.

---

## SOEY'S HEIRS *vs.* SOEY'S CURATOR.

APPEAL FROM THE COURT OF PROBATES, FOR THE PARISH AND CITY OF
NEW-ORLEANS.

The sickness of a witness not summoned, and the absence of the attorney, trying a suit in another court, are no grounds for a continuance, or for a new trial.

The defendant, J. W. Collins, curator of the estate of John Soey, deceased, filed his account and tableau of distribution in the Court of Probates.

The plaintiff, John M'Mullin, tutor of the minors Soey, made opposition to the account on several grounds, and required the curator to file his vouchers, and prove every item in it not admitted.

The cause was fixed for trial, and the defendant notified thereof. On the day fixed he came into court, and stated, that his only and material witness was sick, and that his sole counsel was unavoidably absent, trying a cause in the District Court.

The judge of probates, deeming this statement insufficient

to operate a continuance of the cause, proceeded with the trial *ex parte*.

There being no evidence or vouchers offered in support of the curator's account, the opposition was sustained and judgment rendered in conformity to it. The defendant's counsel moved for a new trial, principally on the grounds of the absence of his witness and counsel. The defendant made oath to the facts and grounds on which he relied for a new trial. It appeared, however, that his witness had not been summoned.

The judge overruled the motion, considering these grounds, viz., sickness and absence of a witness not summoned, and also the absence of the party's attorney, who was at the time trying a suit in the District Court, insufficient for a continuance, and could not serve as such for a new trial.

The defendant appealed.

*I. W. Smith*, for the plaintiff, in opposition.

*Roselius*, for the appellant.

*Eustis, J.*, delivered the opinion of the court.

The plaintiff, tutor of the minors Soey, filed an opposition to the account rendered by the defendant in the Court of Probates, and on the trial of the opposition, no evidence having been offered by him in support of the charges made by him against the succession, the opposition was sustained, and judgment was rendered for the balance of funds in his hands. From this judgment, after an unsuccessful motion for a new trial, the defendant has appealed.

We have examined the grounds on which a new trial was asked. The judge, acting on the application, exercised his discretionary power, and, on referring to his reasons for refusing it, we are satisfied that he acted correctly.

The judgment is therefore affirmed, with costs.