## GARDNER, SAGER & CO. v. O'CONNELL AND GOULD.

The court will not grant a continuance on the ground that a commission has not been returned, where the application for the commission was not made in time.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. *Grymes* and *Lee*, and *Roselius*, for plaintiffs. *Hunton* and *Bradford*, for defendants. By the court:

PRESTON, J. The plaintiffs bring this suit against the defendants for the price and charges of a large lot of corn, purchased by their order, on their account, and consigned to them, at Liverpool, by the ship Edinburgh, in May, 1847.

The suit was instituted on the 4th of February, 1850. The defendant, *Gould*, after a judgment by default, filed for answer a general denial, on the 27th of that month. The cause was tried on the 13th of January, 1851.

The defendant moved for a continuance, on the ground that he had not yet obtained his evidence. He made affidavit that he had, in September, obtained a commission to examine witnesses in Liverpool, which had not yet been returned, and complained that the commission had been delayed sometime for the want of plaintiffs' cross-interrogatories. We find, in the record, no order for a commission, but suppose it issued; yet, as it must have issued, as appears by defendants showing, five or six months after the cause was at issue, the failure to obtain its return could not be a sufficient reason for a continuance of the cause. Besides, deducting the delay caused by plaintiffs' counsel to cross the interrogatories, there was ample time, for the execution and return of the commission, before the cause was tried.

Under the circumstances presented, the absence of defendants' counsel, when the cause was called for trial, was not a sufficient ground for its continuance. The defendant was assisted by counsel, and he had no evidence which should have produced a different result if his counsel had been present.

<div style="margin-left:margin">GARDNER<br>v.<br>O'CONNELL.</div>

It was impossible for the district judge, without entirely disregarding the principles of law and rules of practice, so as to have subjected his court to whatever parties might in future demand, to have granted a continuance; and, as the same grounds, substantially, were presented in support of the application for a new trial, they are untenable.

And yet, from proceedings in the case, from papers spread upon the record, though not in such a manner as to have enabled the district court to have proceeded otherwise than it had done, we have reason to fear that the defendant, an unfortunate stranger, has been hardly dealt with in the whole business, and if the laws enabled us, consistently with the practice and precedents of courts, to afford relief, we would certainly endeavor to do it. We have no power, however, to reverse the judgment, as the case is presented by the record.

· The judgment is affirmed, with costs.