## No. 266.—STATE v. THOMAS WILSON.

The ruling of the judge *a quo*, on a motion for a continuance of a criminal case, involves both questions of law and fact, and can not therefore be examined on appeal, because the jurisdiction of the appellate court in criminal cases is limited to questions of law alone. Constitution, article 74.

As a general rule in criminal trials, the dying declarations of the person killed, and for whose murder the accused is on trial, are alone admissible, and the inquiries in such declarations must be confined to the circumstances and cause of his death. But if it be shown as matter of fact that another person was mortally wounded in the same difficulty, or by the same shot which killed the other party for whose murder the accused is on trial, then, and in such case, the rule above stated, is so far relaxed as to admit in evidence on the trial, the dying declarations of such third person.

If the deposition of a person in a criminal case does not show on its face that it is her dying declaration, it will not be excluded on that account, if it be shown by evidence *aliunde*, that it was her dying declaration.

APPEAL from the Tenth Judicial District Court, parish of DeSoto. *Levisee*, J. *Jas. S. Ashton*, District Attorney, for the State. *Elam & Wimple*, for defendant and appellant.

TALIAFERRO, J. The defendant having been indicted and tried for the crime of murder, was convicted and sentenced to hard labor in the penitentiary during life. From the judgment inflicting this punishment, the defendant has appealed. The grounds stated for this appeal are set forth in three bills of exceptions taken to the ruling of the court on the trial of the case.

The first is to the refusal of the judge to continue the case upon,

affidavits of the accused in order to obtain testimony material and important to him in making his defense.

The second is to the admission of the dying declarations of Julia Dawson, as evidence against the accused, charged with the murder of William Dawson.

The third is to the admission in evidence of the deposition of Julia Dawson, taken before a justice of the peace, as the dying declaration of said Julia Dawson.

Continuances of cases, from the nature of things, must mainly depend upon the sound legal discretion of the judge. In determining a motion for continuance, he must necessarily consider the facts and circumstances upon which the application is founded. The question, then, is one of law and fact; and in criminal cases this court has jurisdiction only of questions of law. This has been frequently decided, and is now settled.

The next point presented is of graver import. Mr. Philips, in his work on evidence, vol. 1, p. 287, says: "The admissibility of dying declarations has been limited even in criminal cases; and a rule has been laid down that such declarations are generally admissible only where the death of the declarant is the subject of the inquiry, and where the circumstances of the death are the subject of his dying declaration." Upon the authority of this rule the counsel of the accused objected to the introduction of the dying declarations of Julia Dawson, in evidence against the accused, charged with the murder of William Dawson. In the bill of exceptions taken to the admission of this evidence, the judge *a quo*, assigns as his reasons for its admission, the following state of facts: "Before the prosecution had offered to prove the dying declaration of Julia Dawson, it had been clearly established that the said Julia was wounded mortally by the same shot, or, at least at the same time that William Dawson (for whose murder the prisoner is on trial), was killed. And it was already well established that the circumstances of the killing of William Dawson and of the declarant were precisely the same, occurring at the same time and place, and in the same manner, and from the same cause; and the prosecutor having proved that the said Julia Dawson had subsequently died from the effect of the wound so given. The court admitted the dying declaration of the said Julia Dawson, because all the reasons that make dying declarations admissible in any case, apply in this case."

It may be remarked that the rule above quoted, as announced by Mr. Philips, does not seem to be absolutely exclusive in its terms. We see also from the same work of the learned writer, that this rule does not seem to have been implicitly followed in England. He mentions a case, that of The King *v.* Baker, a parallel case, and closely resembling in its facts the one at bar, where it was held by Coltman.

J., after consultation with Parke, B., that as it *was all one transaction* the declarations were admissible. We concur in opinion with the judge *a quo* that the reasons for the admission of the dying declaration of Julia Dawson are cogent, and we see no good reason, under the state of facts shown, why it should not have been received.

In his third bill of exception the counsel of the accused objects that the deposition of Julia Dawson does not show on its face that it was intended and taken as her dying declaration. That the State did not show by parol that the instrument was taken or intended as her dying declaration, and that the evidence did not sufficiently show that the declaration was made *in extremis*.

The deposition was admitted on the ground that it might be shown *aliunde* to be the dying declaration of the declarant. Parol proof established that the declarant at the time of making her declaration said she expected to die from the effect of her wound, and that in fact she did die from the effect of the wound in four hours after making her declaration. We think the ruling correct.

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed with costs,