State of Louisiana vs. Hornsby.

## No. 1138.

### The State of Louisiana vs. E. Hornsby.

The Clerk of court and two jury commissioners, forming a quorum under the law, the *venire* drawn by them will not be considered illegal for want of the presence of the other two commissioners.

The refusal of the judge to grant a continuance to the accused to procure certain witnesses, was, under the circumstances of the case, within his sound discretion.

A juror is competent, though he answered upon the direct examination, that he had formed an opinion respecting the guilt or innocence of the accused, if, on examination by the judge, it appears from his answers that his opinion was formed from rumors, that he is without bias or prejudice, and that he can decide the case according to the evidence, without regard to what he previously heard.

APPEAL from the Twenty-first Judicial District Court, parish of Iberia. *Fontelieu*, J.

The State and the Defendant unrepresented in this Court.

The opinion of the Court was delivered by

Todd, J. This case was before us at our last term, on an appeal taken by the defendant from a sentence condemning him to a life imprisonment in the penitentiary for the crime of murder. The case was remanded for another trial. That trial was held in the court below, and the defendant was convicted of manslaughter and sentenced to five years' imprisonment at hard labor in the penitentiary, and has again appealed.

A voluminous transcript of appeal has been filed in this Court, but, remarkable to say, neither the State nor the accused has made any appearance here by counsel, and we have not the benefit of an argument, either oral or by brief, from either side.

Under a strict construction of the law, and the rules of this Court, the fact mentioned—of the non-appearance in this Court of both parties by counsel or otherwise—might imply an abandonment of the appeal; but construing the right most favorably to the accused, and disregarding the omissions that might be considered as impeding it, unaided by counsel and uninformed as to the special grounds of relief relied on, we have made a close and critical examination of the entire record, to ascertain if there existed any errors or irregularities in the proceeding, requiring the setting aside the judgment and sentence of the lower court.

The defenses made in the court of the first instance consist:

1. Of a motion to quash the *venire*.

2. Motion for a continuance.

3. Alleged incompetency of several members of the jury that sat upon the trial of the case.

4. Alleged errors in the rulings of the judge touching the admission and rejection of evidence.

5. Alleged absence of prisoner at certain stages of the trial and proceedings relating thereto.

These defenses are embodied in motions to quash and in arrest of judgment, and bills of exceptions to the rulings of the Court, all of which we will consider in their order.

First—The *venire* was drawn on the 6th December, 1880. The trial took place in May following. At the general drawing in December and the supplemental one in March following, the clerk of the court and three citizens, appointed by the judge, were present, acted and constituted the jury commission.

The law provided that a commission should be composed of the clerk and four citizens, appointed by the judge, but authorized *three* to act in the proceedings relating to the duties of the commission. Considering that in this instance the clerk and *three* citizens were present and acted, we think the law was substantially complied with. The failure of the judge to appoint a fourth commissioner, or the failure of one or even two commissioners to attend a meeting of the commission, when two commissioners, with the clerk, under the law, form a quorum for business, as expressly declared, we do not consider as an irregularity sufficient to vitiate the proceeding. In this instance, the reason of the law was fully met, and, in the absence of a nullity pronounced in the law itself on account of the omission suggested, we must hold that the motion to quash the *venire* for this irregularity was properly overruled. The *venire* was not stricken with nullity by reason of the failure of an officer to discharge his duty in one particular. The law does not attach such a consequence to an omission of this kind. There is in the record nothing that shows affirmatively the non-performance by the clerk of the special duties assigned him in the proceedings of the commission, touching the making out the list of jurors, &c. He is presumed to have discharged this duty, and the presumption is not rebutted.

Second—We are not prepared to say that the judge erred in refusing the continuance. Had such application,—complete as to form, as this must be conceded to be,—been made under certain other conditions and circumstances, we have no hesitation in saying that it should have been granted. For instance, had the prisoner never been tried before, and had this application been seasonably made before a first trial, it might be considered an abuse of the discretion with which he is clothed in the matter of continuances for the judge to have refused the continuance under such a state of facts; but when we consider that the accused had been under arrest for at least a year and a half; had been

once tried, and, previous to his first trial, had made an application for a continuance on the identical grounds contained in his last motion,—which were, that certain witnesses named in both applications, could not be, or were not served with subpœnas,—we see at once that circumstances were presented, that not only authorized, but called for the exercise of the judge's discretion. We cannot say, under this showing, that it was not soundly exercised. He had just reason to conclude that the proper diligence had not been used, and that the witnesses would never be found and their attendance never procured.

Third—Two of the jurors called first, said, upon their direct examinations, that they had formed opinions respecting the guilt or innocence of the accused; but, on examination by the judge, it appeared from their answers that their opinions had been formed from rumors; that they were without bias or prejudice, and that they could decide the case according to the evidence that they would hear on the trial, without regard to what they had previously heard. Under the settled jurisprudence on this point, they were competent jurors. 14 An. 462, 693; 23 An. 148; 29 An. 642; 32 An. 1241.

Fourth—In regard to the rulings of the judge in relation to the evidence, it is only necessary to say, that we have scrutinized the many bills of exceptions touching these rulings, and find none deserving of consideration, as presented to us by the record, save two, and those relate to the exclusion of the testimony of an absent witness, given on a preliminary examination, on the same charge for which the accused was being tried, and a written report of experts in writing in relation to the death of the deceased, and its causes. Neither of these documents are in the transcript, although stated in the bills to be annexed respectively thereto. Without an inspection and examination of them, we are not prepared to say they should be admitted. The judge assigns, as a reason for excluding the previous testimony of the absent witness, that he had never signed his statement made at the preliminary examination, and was not proved to be beyond the reach of the process of the court. These considerations justified the ruling.

Fifth—In regard to the alleged absence of the prisoner when the case was set for trial, there is no minute of the court showing this fact to be found in the record. There is no entry, on the day stated in the bill, of any proceeding of the court. During all the other stages of the prosecution, of any importance, the record shows the prisoner *was* present.

With this review of the case, we conclude there was no error in the proceedings; and the sentence and judgment appealed from are affirmed.