## No. 10,370.

41 589
113 800

### THE STATE OF LOUISIANA VS. ELLIS CRAWFORD.

The ruling of a trial judge, in a criminal case, refusing a continuance, on the ground that counsel for the accused had not been notified of the order assigning the case for trial, will not be disturbed, if it appears that on the day fixed, the accused, his counsel, and all the witnesses on both sides were present.

The discretion vested by law in trial judges, in matters of continuances, will not be interfered with on appeal, unless it is shown to have been arbitrarily exercised.

APPEAL · from the Twenty-third District Court, Parish of West Baton Rouge.

*Talbot*, J.

*Walter H. Rogers*, Attorney General, for the State, Appellee.

*K. A. Cross*, for Defendant and Appellant.

The opinion of the Court was delivered by

Poché, J. The complaint of the accused, who appeals from a conviction of inflicting a wound less than mayhem, is as unfounded as it is indefinite.

His bill of exception shows that on the 4th of March the case was assigned for the 7th of the same month, but on the same day the order was rescinded, and the case was assigned for the 12th, and the accused was notified to be present on that day.

It appears that his counsel, who lived in an adjoining parish, proceeded to the court on the 7th and was there informed that the court had adjourned.

When the case was called for trial on the 12th, counsel for the defendant objected to go on with the trial on the ground that he had not been notified of the assignment of the trial for the 12th.

But as all the witnesses on both sides were present, the court over-ruled counsel's objections, and ordered the trial to proceed.

Conceding that counsel's objections could be legally construed to be a motion for continuance, it does not appear that as such his proceeding was in form and substance a proper motion, and that it was supported by an affidavit, or that it even suggested any injury to the accused to result from a trial on that particular day.

Criminal jurisprudence has crystalized the rule that in matters of continuances the rulings of trial judges will not be disturbed on appeal, unless they are shown to be arbitrary and unjust.   State vs. Milton, 33 Ann. 261; State vs. Kune & Hinton, 36 Ann. 153; State vs. Johnson, 36 Ann. 852; State vs. Primeaux, 39 Ann. 674.

And it appears very clear to us that the ruling complained of in this case can stand the most rigid test of that rule.

Judgment affirmed.