No. 247.

THE STATE OF LOUISIANA vs. TOM SPOONER.

1. A refusal to grant a new trial will not be reviewed when the bill sets out no facts upon which the ruling was made.

2. It is proper to charge the jury that "evidence as to good character can have little practical effect against direct and satisfactory evidence as to guilt, and it cannot turn the scale against conclusive evidence."

State vs. Spooner.

3. Instructions to the jury need not be repeated in a special charge, where they have been fully covered in the general charge.

4. The continuance of a criminal case is within the sound discretion of the judge. This discretion will not be interfered with unless it involves some palpable injustice.

5. Due diligence is a matter of fact upon which the judge's opinion is presumably correct.

6. Where a subpœna was served on "Richard English" and he appeared at the trial and answered to his name when called, and the defense alleged that it was Richard English, Jr., who was desired as a witness, and moved for a continuance on this ground, there was shown a want of diligence in not furnishing the correct name of the witness to the officer who issued the subpœna.

APPEAL from the Twenty-third District Court, Parish of West Baton Rouge.

*Talbot, J.*

*J. Henry Shepherd*, District Attorney, for the State, Appellee:

The ruling of a trial court in refusing a new trial will not be revised by the Supreme Court unless the bill sets out the evidence to show the facts involved in the ruling. State vs. Nelson, 32 Ann. 842; State vs. Belden, 35 Ann. 823; State vs. Chatman, 34 Ann. 881.

Evidence of good character is admissible in the trial of one charged with murder, and such evidence offered for him " should be considered by the court in connection with the rest as a part of the whole from which they are to determine their verdict, and should have such weight and effect as their judgments dictate. It is proper for the court to charge the jury that good character can have little practical effect against direct and otherwise satisfactory proofs, cannot turn the scale against conclusive evidence of guilt. It may, under certain phases of a case, create a doubt which otherwise might not have existed in favor of the accused, or to remove a doubt existing against him. Bishop, Cr. Procedure, Sec. 1116, p. 676; 35 Ann. 770.

An instruction to the jury need not be given in terms asked, and when the judge deems them calculated to mislead the jury it should not be. When instructions asked is partly correct, and partly erroneous, the whole may be rejected. Bishop on Cr. Procedure, Sec. 980, p. 598.

The matter of continuance is within the sound discretion of the district judge, and the Supreme Court will not interfere in such matters unless the account of the lower court involves palpable injustice. 31 Ann. 179; 32 Ann. 1003; 36 Ann. 153-852.

Due diligence must be shown to have been used. Diligence is a matter of fact upon which the judge's opinion is, if not conclusive, surely presumptively correct. The Appellate Court will not go counter to it unless the record shows that the judge was wrong. 37 Ann. 129.

An affidavit for continuance on the ground of the absence of a material witness which fails to disclose of the whereabouts of an absent witness, or that any such person exists, and merely gives the belief of the affiant that he can secure his presence at the next term of the court is fatally defective. It is further defective where the accused failed to inform the sheriff of the whereabouts of the witness. 39 Ann. 421.

It is a want of diligence where there are two persons of the same name in the parish and the accused knew the fact, to inform the sheriff which one he wanted.

*Chas. A. Roxborough*, for Defendant and Appellant.

The opinion of the Court was delivered by

McENERY, J. The defendant, Tom Spooner, was indicted, tried and convicted of murder and sentenced to be executed.

From the verdict and sentence he has appealed.

There are four bills of exceptions to rulings of the court, which he alleges were prejudicial to him.

The first is to the overruling of his motion for a new trial.

There was no evidence offered upon the trial of the motion, which is simply in the stereotyped form, that the verdict was contrary to the law and the evidence. It was properly overruled. 35 Ann. 823; 34 Ann. 881.

The second bill is to "two points in the charge of court in particular, and the whole charge in general."

The charge excepted to is as follows:

" Evidence of character is always admissible in behalf of an accused, and on many occasions may be of vast advantage to him. The accepted doctrine about it is that it tends, under certain phases of a case, to create a doubt which otherwise would not have existed in favor of the accused, or to remove a doubt already existing against him. The jury should look upon it as a part of the whole evidence adduced upon the trial, but such evidence, however precise it may be, can not destroy the practical effect of direct and satisfactory statements of uncontradicted witnesses, nor should it be allowed to outweigh, still less destroy any conclusive evidence of guilt."

" You, I may add, are also the judges of the credibility and veracity of the witnesses, but you should not capriciously and arbitrarily disregard the testimony of the witness, unless impeached or contradicted. It is the duty of the jury to consider the testimony of each and every witness."

In lieu of the part of the charge quoted and excepted to, the defendant asked the judge to charge as to good character, which, in effect, would have beed to make this the controlling fact of the case, and which would have subordinated every other fact to it. And to the second part of the charge he requested a charge in language which was calculated to mislead the jury, but which, in substance, was the same as that given to the jury by the trial judge.

They were properly rejected.

The third exception is to the refusal of the judge to grant a continuance on account of the absence of an alleged material and important witness. The application contains the necessary averments and affidavit.

The facts are, however, that the defendant had a subpœna issued for one Richard English. It was served upon him and he was in attendance at the trial. · When called, it was stated by counsel for the defendant that he was not the witness wanted, but a son of the witness — Richard English, Jr.

An application was then made for a continuance.

The defendant has not shown that he used due diligence in his efforts to procure the attendance of the absent witness. The name of the witness was within his knowledge. He did not give the correct name to the sheriff.

Diligence is a matter of fact upon which the trial judge's opinion, if not conclusive, is at least presumptively correct. It is a matter within the sound discretion of the trial judge to grant a continuance, and this discretion will not be interfered with without good cause.

The reasons assigned by the judge a quo in the instant case for his refusal to grant the continuance, are conclusive in our opinion. He says when the case was taken up for trial and the witesses called by the sheriff, the witness Richard English answered to his name.

The subpœna and sheriff's return showed that proper service was made on Richard English and he answered when called. Counsel for defendant stated that he desired the presence of Richard English, Jr., the son of Richard English. The error, if any, was due to the conduct or want of due caution and diligence on the part of defendant and counsel in not giving proper information to the officer. He was always satisfied that all of the witnssses who were present at the scene of the homicide were present at the trial, and related the facts detailed in the motion. He was also satisfied that Richard English, Jr., from the statement of the sheriff, was not in the parish.

The motion for a continuance was properly overruled. 36 Ann. 153-852; 37 Ann. 129; 39 Ann. 421.

The fourth bill of exception was reserved to the refusal of the judge to give a special charge contained in some six paragraphs on the law of self-dense, for the reason that he had in his charge already covered the grounds contained in this special charge.

The ruling of the judge was correct. He cannot be required to give in a special charge that which he has already given in his general charge to the jury.

There are no reasons showing why this verdict and sentence should be disturbed.

Judgment affirmed.