State ex rel. Mahler and Stechelin vs Judge.

## No. 12,055.

STATE OF LOUISIANA EL REL. JACOB MAHLER AND JOSEPH STECHE-
LIN VS. THE JUDGE OF THE TWENTY-FIRST JUDICIAL DISTRICT
COURT FOR THE PARISH OF JEFFERSON.

The right in matter of jurisdiction of one charged with a crime is not as restricted
on application for *habeas corpus* as it is on appeal.

*Habeas corpus* may issue although the fine, exceeding three hundred dollars, has
not been actually imposed; it being a possibility under the law, and that pos-
sibility being the test of jurisdiction as relates to that writ.

This court is competent to issue the writ of *habeas corpus* in any case that might be
brought up on appeal. The fine imposed or the imprisonment fixes the right
of appeal *vel non*. All persons before conviction shall be bailable save those
charged with crimes especialiy excepted.

APPLICATION for Writs of *Habeas Corpus, Certiorari, Mandamus*
and Prohibition.

*Thos. F. Maher* for Relators.

*A. E. Billings* for Respondents.

Argued and submitted January 21, 1896.
Opinion handed down January 22, 1896.

The opinion of the court was delivered by

BREAUX, J. The relators apply for writs of *habeas corpus* and
*certiorari*. The charge against them is assault and battery. They
assert that they applied to be admitted to bail; the judge refused to
issue an order admitting them to bail.

The sheriff makes the usual return in such cases. The judge in
respect to the *habeas corpus*, in answer to the rule *nisi*, states that
under the provisions of Arts. 86 and 109 of the Constitution he
had jurisdiction of the case.

In matter of the *certiorari* he answered that the original record is
before this court in compliance with the order.

He states further that the person charged to have been assaulted,
he is informed by a physician's certificate, is confined to his bed; is
suffering greatly and is in great danger of losing his life from in-

ternal injuries caused by the blows received; that his patient (the physician certifies) had improved, but was not yet out of danger.

The judge adds to his return that he is justified in refusing bail to relators until advised by the attending physician of the physical condition of the person assaulted; that when advised that he is out of danger he will release the relators upon bond.

After an affidavit had been made against the relators the judge committed them to the District Court to remain in custody until delivered by due process of law or otherwise discharged.

The following is the law of the case: "The punishment of the offence is fine or imprisonment, or both, at the discretion of the court.

A fine left to the discretion of the court can not exceed one thousand dollars, and the punishment can not exceed two (2) years. This court has appellate jurisdiction in all criminal cases whenever the punishment of death, or imprisonment at hard labor, may be inflicted, or a fine exceeding three hundred dollars is actually imposed; and, lastly, the judge of a District Court may act as a committing magistrate.

As relates to jurisdiction, this court, or any member of the court, is competent to issue the writ of *habeas corpus*, in any case that might be brought up here on appeal. The State *ex rel.* Daniel vs. Rose, 29 An. 756-759.

In addition to the authorities sustaining the interpretation, the article of the Constitution is clear; the writ shall issue at the instance of all persons in actual custody in cases where this court may have appellate jurisdiction. The provision conferring the authority to issue the writ is not as restricted as is the article relating to appeals. Under the former, the writ shall issue when the appeal is possible; under the latter (the article in regard to appeals), this court has jurisdiction when a fine is actually imposed. In the one there must be a fine actually imposed exceeding three hundred dollars; in the other, the possibility of inflicting such a fine is the test of jurisdiction. To "the great and efficacious writ (*habeas corpus*), in all manner of illegal confinement," a larger jurisdiction is given than the jurisdiction on appeal.

This was the reasoning which prompted the court in the exercise of jurisdiction in the case of State *ex rel.* Chandler vs. Judge, 45 An. 696.

It applies here.

Having reached this conclusion in regard to the jurisdiction of this court in cases of habeas corpus, it devolves upon us to decide whether the defendants are entitled to bail.

The laws of Louisiana contain a provision which seems to be a summary of the common law upon the subject. All persons shall be bailable by sufficient sureties, unless for capital offence, where the proof is evident, and the presumption great.

The offence charged in the warrant is not within the exception. It seems that no preliminary examination has been held. We infer from the oral argument that there was no disposition on the part of the judge to refuse the examination, and no inclination on the part of the relators to waive the examination.

But be this as it may: "The magistrate may make reasonable continuance of the hearing, and, in the intervals, bail or commit the prisoner. In the cases that are bailable the accused has a right to be admitted to bail." 1 Bishop Crim. Pro.

It is not our purpose to discountenance any future action, if necessary, owing to the condition of the person charged to have been assaulted.

Upon that subject we quote the language of our immediate predecessors in a similar case:

"It is to be understood that nothing in this opinion must be construed as forestalling the subsequent action of any competent authority to find or prefer a charge of greater gravity against this relator. Our action is based exclusively on the nature of the sole charge now pending against him, and under which he is entitled to bail." State ex rel. Condon vs. Sheriff, 36 An. 856.

It is therefore ordered, adjudged and decreed that the writ of habeas corpus applied for be made peremptory, and that the respondent judge release the prisoners on bonds, with sufficient securities, in such sum as he may fix, conditioned for their appearance before competent authority to answer to the charge preferred against them.

Mr. JUSTICE MILLER concurs in the decree.