State vs. Hillstock et als.

No. 11,184.

THE STATE OF LOUISIANA VS. CHRISTOVAL HILLSTOCK ET ALS.

This court has repeatedly held that it will not interfere in the matter of contin-uances with the discretion vested in the trial judge unless his rulings are mani-festly unjust and arbitrary.

The same rule is applicable to his rulings on applications for attachment against witnesses.

Where twenty-four witnesses have been summoned to prove an alibi and two do not attend, and the judge refuses to grant a continuance because of their absence, the evidence being cumulative only, his rulings were the exercise of a sound legal discretion in the interest of public justice in a manner that could in no way injuriously affect the defendants.

APPEAL from the Eleventh District Court, Parish of Acadia, *Perrault, J.*

*M. J. Cunningham,* Attorney General, for the State, Appellee.

*E. L. Veazie,* for Defendants and Appellants.

The opinion of the court was delivered by

McENERY, J.   The accused were prosecuted for assaulting by wil-fully shooting at with intent to commit murder and to rob, and were convicted and sentenced.   They appealed.

Under the provisions of Act 139 of 1890 they applied for subpœnas, which were issued for eighteen witnesses.   In the application it is stated that the accused expect to prove by said witnesses " that they were not present at the time and place of the commission of the robbery charged in the bill of indictment."

Two of the witnesses, Mrs. Ledet and Whatley, although served personally with the summons, failed to appear.

*Alias* summonses were asked for these absent witnesses.   The trial judge refused to order them.   Mrs. Ledet was sick, and although she

was summoned as *Louise* instead of Louis Ledet, the judge very properly declined to have her again summoned, as her physician's certificate showed that she was in bed sick (childbirth) and was physically unable to attend court.   The witness Whatley had personal service made upon him, and it was not only unnecessary but irregular to again subpœna him.

Attachments were asked against these witnesses.   The judge refused to order them to issue, because of the physical condition of Mrs. Ledet, and the issuance of a subpœna for Whatley would be equivalent to a continuance, as the court was reaching the end of its term, and the attachment could not be served before the end of the term.

Finally a continuance was prayed for, which was denied, the trial judge assigning as reasons therefor the same that he gave for refusing the attachments, and as additional reasons that the motion was made for delay, and that the witnesses who were absent, by the statement of the accused in their several applications, could only testify to facts for which the other witnesses had been summoned to prove, and their testimony therefore would only be cumulative.

In the matter of continuance we have repeatedly held that this court will not interfere with the legal discretion vested in the trial judge unless his rulings are arbitrary and unjust.   State vs. Redmond, 37 An. 775; State vs. Primeaux, 39 An. 673.

The defendants have suffered no injury from the refusal of the trial judge to issue the attachments, and the denial of their motion for a continuance.

Six witnesses were allowed defendants, and they were entitled to additional witnesses.   In the applications for the eighteen additional witnesses, on making application for them, they stated that they expect to prove by them an *alibi*.   It is therefore to be presumed that the six witnesses first summoned were subpœnaed for the same purpose.

The derendants summoned twenty-four witnesses to prove the same facts.

The testimony of the two absent witnesses would therefore have been only cumulative.   The judge's rulings were neither arbitrary or unjust.   On the contrary he exercised a sound legal discretion in the interest of public justice, in a manner that could in no possible way injuriously affect the defendants.   39 An. 673.

Judgment affirmed.