The opinion of the court was delivered by
Breaux, J.
The defendant, Oscar Reiner, was indicted by the grand jury of Rapides parish on the fifth day of April, 1900, for the larceny of a steer in that parish on the fourth day of January, 1900.
He was arraigned on the same day that the indictment was returned into court, pleaded not guilty and asked for a trial by jury. On the day he was* arraigned, the case was set to be tried on April 10th, 1900, and on that day he was put on trial. On same day the jury found a verdict against him of guilty as charged, and his punishment was fixed by the judge at eighteen months in the penitentiary. From the sentence of the court and the verdict of the jury, he prosecutes this appeal.
The bill of exceptions setting- out the grounds upon which the appeal is based states, in substance, that in due time, before the trial, he caused a summons to issue to Billy Bunk, an asserted witness. The facts brought up on appeal by this bill of exceptions, show that the deputy sheriff in whose hands this summons was placed for service, in his return to the court, stated that he made a diligent search in vain to find this witness; that he went to the place the accused told him the witness lived and made inquiry of every person in the neighborhood, and that -he could not find any one who ever knew or had heard of any one of the name given as that of the asserted witness.
On the day of the trial, when the names of the witnesses for the defense were called, Billy Bunk failing to answer to his name, the accused, through his counsel, declared to the court that he could not go to trial without the presence of this witness, and on being ordered by the court to make a showing for a continuance, he filed his application for a continuance for the alleged reason that Billy Bunk was a material and important witness by whom he could prove that he bought from him the steer which he was charged with having stolen; that until a few weeks prior to the trial he lived near Cheneyville in the parish of Rapides.
*1478 The District Attorney refused to admit that if the absent witness were present he would testify as stated in the {iffidavit made for a continuance.' The trial judge overruled the motion for continuance, to which ruling- the accused, through counsel, retained the bill of exceptions in question. The trial judge, in the statement which is made part of the bill of exceptions, says that he refused to grant a continuance for the reason' that he was satisfied from the return of the sheriff that the witness never had any existence, ajad that the name was given by .the accused for the purposes of the tri'al and to obtain a continuance. The trial judge embodied the following in the bill of exceptions as part of his statement of facts: “The evidence on the trial showed the correctness of my views and the return of the sheriff, for no one could be found of the m^ny citizens present from that neighborhood who ever saw or heard of any such man living in that part of the country. I attach the return of the sheriff as part of my reasons, -x- -x- *« The defendant filed a motion for a new trial on the 21st of April, 1900, on the ground that the verdict was contrary to the law and the evidence. This motion was overruled.
We have not found that the defendant has a good cause for complaint on the grounds urged in his defense. He did not attempt, by any testimony whatever, to meet the charge that the asserted witness was a mere name invented by him for the occasion. Ten days elapsed from the date he was found guilty by the jury to the date that he filed his motion for a new trial, and yet, in that time and in the days preceding the trial, he did not produce the least information concerning the whereabouts of his asserted witness. In his affidavit for a continuance, he states that he had learned “that the said Billy Bunk is now in the southern portion of the State, about Plaquemine,,’ and in the brief before us in his behalf it is stated that “Plaquemine is only about five or six hours’ run from Alexandria.” In a case of this importance he, if his asserted witness had any existence at all, should have found in support of the assertion of due diligence some clue showing that an error had been committed and that the name was really of a person whom some one had heard of and had met. In view of the total absence of all evidence regarding this named witness, we will not assume error in the refusal to grant a continuance. The judge of the district court must have concluded that if he lived in Rapides when the accused gave direction as to where to find him, some one would have *1479 known or heard something about him. lie also evidently did not believe the affidavit of the accused that the witness was at or near Plaquemine, which fact he had averred in his affidavit for a continuance-We will not undertake to say that he erred, especially in view of the fact that ten days after, when the motion for a new trial was presented to the court, the accused did not set out any facts whatever going to show that this named witness was an existing person.
The complaint of the accused in the brief is that the judge virtually traversed 'the affidavit of this accused which he says is not permissible, citing several decisions in support of this proposition; that there were only two witnesses put on the stand by the State, a deputy sheriff and a private citizen, who stated that they did not know any such person as Billy Bunk, and that they had nevei heard of him; that this was brought out by the State to rebut the statement of the accused on the stand, under oath, that there was such a man and that he had bought the steer from him. This evidence was not admitted to traverse the affidavit and the reference made to it by the district judge, as showing the correctness of his views-, gives the accused no reasonable ground of objection. It was admitted without objection during the trial, and if it affirmed the correctness of a prior ruling in a matter of fact, it only gave additional force to the ruling. It follows, of course, if there was no such witness as Billy Bunk, the court properly refused to permit the affidavit of the ¡accused to go to the jury to profe the facts he swore he could prove by the named witness.
It has been repeatedly held that the granting or refusing- a continuance in a criminal case is a matter left in great part to the discretion of the court. Where an accused totally fails to show that the discretion has not been properly exercised- there remains but one alternative on appeal and that is to affirm the judgment.
It is therefore ordered, adjudged and decreed that the judgment appealed from is affirmed.