### No. 9968.
### Orleans Appeal.

---

### MRS. CATHERINE SCHIRO, WIDOW A. MONTELEONE, v. ANTHONY MONTELEONE, Appellant.

---

(May 11, 1925, Opinion and Decree.)

---

*(Syllabus by the Court.)*

1. Louisiana Digest—Appeal—Par. 583; Continuance—Par. 1, 34.

Trial courts have a discretionary power to refuse a continuance, and their discretion will not be reviewed unless clearly abused.

(Code of Practice, Art. 468. Editor's note.)

2. Louisiana Digest—Continuance—Par. 12, 29.

A firm composed of two lawyers is not entitled to a continuance of a case nor to a new trial on the ground that one of the members was engaged in another Court, when the trial of the case presented no difficulty; and when the party applying for a new trial suggests no evidence which would have produced a different judgment.

Appeal from First City Court, Hon. Alex. W. Bahns, Judge.

This is a suit for rent. Judgment for plaintiff. Defendant appealed.

Judgment affirmed.

Punekey & Barrios, attorneys for plaintiff and appellee.

Prowell & McBride, attorneys for defendant and appellant.

CLAIBORNE, J. This is a suit for rent.

The plaintiff alleged that by judgment of the District Court rendered in the succession of her husband on October 2, 1922, she was recognized as surviving spouse in community and as such went into possession of the property No. 3223 St. Claude Street, as owner and usufructuary; that at the time the above judgment was rendered the defendant, who is her son, was in the actual physical possession of said property; that plaintiff made a verbal lease with him for a rental of $15.50 per month from October 2, 1922; that prior to the judgment putting plaintiff in possession the defendant had been paying $16 per month; that defendant paid plaintiff rent until August 17, 1923, but has failed to pay any amount since that date. Plaintiff prayed for a provisional seizure and for judgment for $232.

Plaintiff swore to her petition.

The defendant denied each and every allegation in plaintiff's petition contained.

The answer is signed by Prowell and McBride, attorneys.

There was judgment for plaintiff and defendant has appealed.

The defendant prayed for a new trial on the ground that when the case was fixed for trial on January 19th at 11 o'clock, his counsel, Jones T. Prowell, was engaged in the trial of Kennedy vs. Arctic Ice Company in Division "A" of the Civil District Court; that this case was then continued until 2 o'clock of the same day; that at 2 o'clock the same day Jones T. Prowell and Richard T. McBride, of counsel for de-

fendant, were both engaged in the trial of other cases in Division "B" of the same court; but that the Judge refused to continue the case, and proceeded to try it and to render judgment.

When the case was called for trial at 2 o'clock the defendant's attorney, Mr. McBride, again moved for a continuance on the ground that Mr. Prowell and he were engaged in the trial of a case in another court. The court then offered to continue the case to the next morning at 9:30, but Mr. McBride did not agree, on the ground that he had "a criminal matter tomorrow."

It appears that this case had been twice fixed prior to January 19th; the first time for December 12th and the second time for January 2nd and was continued for the 19th.

It thus appears that the case had been fixed for four different times, and that the Judge saw no merit in the application for another continuance. There were no intricate questions of law involved and the only question of fact was whether the defendant occupied the premises under a lease. There was no reason why Mr. Prowell could not have tried that issue in the absence of Mr. McBride or vice versa. There is no evidence that either attempted to be excused in the District Court, to take up the City Court case at 2, nor that Mr. Prowell could not have tried the case the next day at 9:30 in the morning.

It does not appear that the defendant was in Court at any time, nor did he sign the application for a new trial.

Article 468 of the Code of Practice provides:

"The courts have, besides, a discretionary power to grant continuances whenever the cause alleged by the party applying for it appears sufficient to justify the same."

It has uniformly been held that such a discretion used to refuse a continuance will never be interfered with by the appellate

tribunal except in extreme cases where it appears that a glaring injustice has been done to the party applying for a continuance.

C. P. 468; John Rist vs. A. L. Abbott, 19 La. Ann. 268; State vs. Wilson, 23 La. Ann. 559; Powell vs. Jenkins & Walker, 24 La. Ann. 444; Naughton vs. Dingrave, 25 La. Ann. 543; Dillon vs. Dillon, 32 La. Ann. 643; State vs. Wilson, 33 La. Ann. 261; State vs. Hornsby, 33 La. Ann. 1110; State vs. Judge of Civil District Court, 34 La. Ann. 76; State vs. Kane, 36 La. Ann. 153; Cameron vs. Lane, 36 La. Ann. 716; The State of Louisiana vs. Joe Foster, 36 La. Ann. 878; State vs. Clark, 37 La. Ann. 129; The State of Louisiana vs. J. W. Redmond, 37 La. Ann. 775; State vs. Primeaux, 39 La. Ann. 673, 2 South. 423; State vs. Crawford, 41 La. Ann. 589, 6 South. 471; State vs. Spooner, 41 La. Ann. 783, 6 South. 879; Labouisse vs. Orleans Cotton Rope and Mfg. Co., 43 La. Ann. 584, 9 South. 492; State vs. McCarthy, 44 La. Ann. 323, 10 South. 673; The State of Louisiana vs. Christoval Hillstock, 45 La. Ann. 298, 12 South. 352; The State vs. Bevell, 47 La. Ann. 48, 16 South. 568; State vs. Gaubert, 49 La. Ann. 1692, 22 South. 930; Newell vs. Leathers, 50 La. Ann. 169, 23 South. 243; State vs. Keiner, 52 La. Ann. 1476, 27 South. 961; State vs. Mathis, 106 La. 263, 30 South. 834; Wetta vs. New Orleans & C. R. Co., 107 La. 383, 386, 31 South. 775; State vs. Dalcour, 145 La. 1008, 83 South. 223.

The voluntary absence in another court of a party's counsel where other counsel is engaged and attending is no ground for a continuance. Ingraham vs. White, 2 La. 297; Mason vs. Mason, 12 La. 592; Soey's Heirs vs. Soey's Curator, 13 La. 424.

An affidavit of the indisposition of principal counsel will be disregarded where from circumstances, delay is probably the object. Hooper vs. Hyams, 1 R. 90.

The absence of counsel is not a ground of continuance, where a party has been assisted by other counsel and had no evidence which would have produced a different result if his counsel had been present. Gardner, Sager & Co. vs. O'Connell and Gould, 7 La. Ann. 453.

A continuance will not be granted on account of the inability of counsel to attend court. J. Kohn vs. R. H. Short, 18 La. Ann. 291.

A judgment refusing a new trial will be affirmed where it does not appear that the refusal has caused the applicant any injury. State vs. Wilson, 33 La. Ann. 262.

"It has been repeatedly held that a continuance will not be granted on account of the absence of counsel engaged in professional business elsewhere." Johnson vs. Dean, 48 La. Ann. 100, 18 South. 902.

We are of the opinion that the Judge did not abuse his discretion in refusing a continuance. One or the other of counsel for defendant could have tried the case at 11, or at 2; but if not then, certainly the next morning at 9:30. The District Courts do not meet before 10:30.

Nor is there any evidence that the refusal of a continuance worked any hardship upon the defendant. His answer is only a general denial. In his application for a new trial he alleges that there is a suit pending to annul the testament under which plaintiff holds as owner, and that he owns 1-18 interest in the property. The pending of that suit to annul the testament was no ground to suspend its execution and operation. The defendant may have owned 1-18, yet the record shows that the plaintiff was the usufructuary of the whole.

The evidence is that defendant occupies the premises 3223 St. Claude Street and that he has not paid rent since August 17, 1923.

The defendant did not testify.