## MOORE v. CHRISTOFFERSEN.

### No. 14559.

Court of Appeal of Louisiana. Orleans.

May 8, 1933.

John J. Conners, of New Orleans, for appellant.

W. W. Wright, of New Orleans, for appellee.

HIGGINS, Judge.

Plaintiff alleges substantially that on October 19, 1932, about 2:30 p. m., his chauffeur was driving his Whippet coach automobile on Thalia street in the direction of the lake; that, when the driver approached the intersection of Magazine street, he slowed down, and, finding the green traffic light in his favor, attempted to cross the intersection; that he had reached a point in the center of the car tracks which are located on Magazine street when the defendant, who was driving his Nash sedan, and proceeding up Magazine street, without slowing down or attempting to come to a stop, drove across the intersection against the red light or traffic signal in violation of the traffic ordinance No. 14181, C. C. S., and struck the plaintiff's automobile in the center on the right side; that the impact was so violent as to knock the plaintiff's automobile on the sidewalk on the uptown lake side of Thalia and Magazine streets, where it was turned over and practically demolished.

Defendant filed exceptions of vagueness and no right or cause of action, which were overruled, and then answered, denying the allegations of the plaintiff's petition, and in reconvention alleged that the defendant was free from fault, and that the accident was caused solely through the negligence of plaintiff's chauffeur in attempting to cross the intersection at a rate of speed of about 30 miles per hour, contrary to the provisions of the traffic ordinance No. 14181, C. C. S., that defendant's automobile entered the intersection first, and thereby acquired the right of way, and should have been permitted to complete the crossing, and that plaintiff's chauffeur had the last clear chance of avoiding the accident, but failed to do so.

There was judgment in favor of the plaintiff for $186.60 and dismissing the reconventional demand. Defendant has appealed, and plaintiff has answered the appeal, and asked that the award be increased to the sum of $256.60, the amount prayed for.

■ Counsel for defendant complains of the ruling of the trial court in overruling the exceptions. His complaint is that, from reading the petition, he was unable to say on what act of negligence the plaintiff sought to hold the defendant responsible, and that the plaintiff should have been required to set forth the specific provision of the traffic ordinance relied upon.

As we read and understand the petition, plaintiff charges the defendant with being at fault in attempting to cross the intersection against the red traffic signal, which, under the provisions of the ordinance pleaded, required defendant to bring his car to a stop. While it might be better practice to set forth the specific provision of the traffic ordinance relied upon, nevertheless the only relevant part of it under the allegations of the petition was the provision which sets forth that the drivers of vehicles must come to a full stop at intersections when confronted with a red light and are permitted to proceed only when the green signal shows in their favor. Under the circumstances, we believe the allegations of the petition were clear enough to inform the defendant of the charge of negligence, and therefore the trial court properly overruled the exception of vagueness.

■ It is our opinion that the exception of no right or cause of action is clearly without merit.

The record shows that plaintiff's chauffeur was driving his car out Thalia street, and, as he approached the intersection of Magazine street, slowed down to a speed of approximately 12 or 15 miles an hour; that the green light at that time was in favor of the traffic moving on Thalia street, and, as he attempted to cross the intersection and was on the street car tracks, the defendant's car, which was being driven by defendant up Magazine street, struck the plaintiff's car in the center on the right side, causing it to turn over on the uptown lake sidewalk.

The testimony of the plaintiff's witnesses shows that the defendant entered the intersection when the red traffic signal was against him, and that he did so at a speed estimated at from 30 to 40 miles an hour. The defendant denies these statements, and says that the traffic light was out of order at the time. In order to prove this, he offered the testimony of two traffic officers, who stated that the amber and green lights, directing traffic on Thalia street, were in order, but that the red light was out of order. However, they further testified that the green, red, and amber lights, directing traffic on Magazine street, were in order.

We find, as did our learned brother below, that defendant entered the intersection at an excessive rate of speed against the red traffic signal in violation of the provisions of the traffic ordinance, and that his negligence was the proximate cause of the accident.

We see no reason to disturb the amount awarded by the trial court covering actual damages.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.