ELLIS, Judge.
This is a damage suit from the City Court of Bogalusa, arising from an automobile collision and is a direct action against the insurer of one of the cars. The suit was filed on May 28, 1955, issue was joined on June 9, 1955, and on June 9, 1955 the Clerk of the City Court notified counsel for defendant by letter that the case had been assigned for trial on Monday, July 11, 1955 at 9:00 a. m. at the City Hall in Bo-galusa. By letter dated July 6, 1955 counsel for the defendant forwarded the Clerk of Court a motion for a continuance which recited that the said counsel was. trial counsel in another case in the Civil District *752 Court for the Parish of Orleans, which had been fixed for July 11, 1955, and prayed for a continuance upon this ground. On July 7, 1955 the attorney for plaintiff telegraphed the law firm of which the attorney for defendant was a member that the motion for a continuance was being opposed. On this same date counsel for plaintiff also phoned the trial judge and advised him that he was opposing the motion for continuance. Further, on the same day counsel for plaintiff wrote the trial judge a letter in which he gave his reasons for opposing the motion for a continuance and a copy of this letter was sent to Mr. Carl J. Schumacher, Jr. of the firm of Lemle & Kelleher, attorneys for defendant. Counsel for plaintiff testified that no one in defendant’s law firm contacted him in any manner other than by a copy of their letter of July 6, 1955 in which they enclosed their motion for a continuance.
We further find the following statement made by the coürt in ruling upon the motion for a continuance, viz.:
“By The Court: On Thursday, July 7, Honorable Carl J. Schumacher Jr. Attorney for defendant in this matter called me over long distance desiring to know whether a continuance would be granted in this matter. I advised Mr. Schumacher that I did not know for the reason that Mr. Anthony had sent to the office copy of a telegram stating that the continuance was opposed. I suggested that he contact Mr. Anthony and that they have an agreement whether the case would be continued of not. Since I have heard nothing further from Mr. Schumacher and since Mr. Anthony, according to his statement did not hear from Mr. Schumacher, the motion for a continuance is denied.”
The defendant’s counsel did not appear to' urge his motion for a continuance and the City Court overruled this motion and the case was tried on the merits upon, the day assigned, July 11, 1955. Defendant’s counsel did not appear at this trial, which resulted in judgment for the plaintiff in the amount of $512.96 covering damages to his automobile, doctor and medical bills. The defendant has appealed devolutively.
This Court considered returning the brief filed by counsel for defendant in view of the fact that it contained an unwarranted and unjustified attack upon the integrity of the Judge of the Lower Court. Judge A. J. Jones is a higly respected member of our profession and a conscientious, honest and able man and judge. With this answer to counsel’s attack upon the integrity of the Lower Court we proceed to a consideration of the case.
The only ground set forth in the motion for a continuance is that counsel for the defendant was designated as trial counsel in a case which had been fixed by the Civil District Court for the Parish of Orleans on the same date the present case was fixed.
The letter from the firm of Lemle & Kelleher, signed by Carl J. Schumacher, Jr., shows at the head thereof that the mover was one of eleven attorneys comprising the said firm.
Article 468 of the Louisiana Code of Practice reads:
“Continuance-Discretionary power of court. — The court have, besides, a discretionary power to grant continuance whenever the cause alleged by the party applying for it appears sufficient to justify the same.”
Under Code of Practice, Articles 464, 465, there are certain specified grounds which are preemptory for a continuance. Otherwise the grant of a continuance is governed by Article 468.
Construing this Article is the case of Schiro v. Monteleone, 2 La.App. 280. There the Court said:
“It has been repeatedly held that a continuance will r not be. granted on account of the absence of counsel engaged in professional business elsewhere. Johnson v. Dean [48 La.Ann. 100], 18 So. 902.” '
*753 it has also been, held that the absence of counsel is no ground for a continuance unless there is a showing there is evidence which would have produced a different result if counsel had been present. See Gardner, Sager & Co. v. O’Connell and Gould, 7 La.Ann. 453.
American Jurisprudence, Vol. 12, Continuances Section 11, reads:
“Mere pressure of business engagements by which counsel is detained is generally held not sufficient ground for a continuance, particularly where it is not shown that other professional advice is unavailable and that there is a meritorious defense to the action.”
In Gillentine v. McLeod, La.App., 70 So.2d 384, 387, the following language is found: .
“We feel that the question of whether or not a continuance should be granted is a matter which should be left to the sound discretion of the District Court and that the action of the district judge should not be inter-ferred with unless it clearly appears that he has abused that discretion.”
Finding no abuse of discretionary powers, under the above jurisprudence, we conclude the ruling of the lower court upon the motion for a continuance is correct.
As a further ground upon which a remand is urged, counsel for the appellant claims the City Court of Bogalusa did not comply with the provisions of Louisiana Statutes Annotated — Revised Statutes 13:2091, subd. D which reads:
“In all cases where the court is made a court of record, the judge of' said court shall appoint a competent stenographer to take testimony under such rules and regulations as prevail in the district courts.”
Counsel- for appellant also cites Lousiana Statutes Annotated — Revised Statutes 13:-961, subd. B, which provides that court reporters shall be required to take an oath of office and to furnish bond for their faithful performance. This bond, as stated in the Statute, is for the purpose of protecting litigants against any acts of incompetence or neglect of duty on the part of the reporters and gives any litigant a right to sue upon said bond for any damages sustained by him through any wrongful act or neglect of duty committed by official court reporters.
There is no showing whatsoever that the defendant suffered any damages by any wrongful act or neglect of duty upon the part of the stenographer who took the testimony, and certainly we find no grounds for remanding the case for a trial upon the merits for this reason.
The last ground upon which, the appellant bases his request that this case be remanded for a trial upon the merits is that the plaintiff failed to prove the terms and limits of the policy insuring the vehicle and that the vehicle which was involved in the accident was never identified as a vehicle insured by the defendant.
Article 3 of the defendant’s answer admits a policy was issued, and the plaintiff introduced a witness who was a clerk in the Bogalusa Indemnity Corporation. This witness testified a policy was issued by the defendant upon the automobile which was involved in the collision, and further testified that the policy was in effect on the date of the accident. Her testimony was substantiated by a daily record form which was made up at the same time the original policy was written.
This brings us to a consideration of the merits. The record seems clear that the defendant’s .insured crossed an intersection against a red light and struck the right side of the plaintiff’s car. It is equally clear that this last car had preempted the intersection, and the plaintiff’s wife, who was driving the car, as well as his daughter, who was a passenger, substantiated these facts. An officer on the Bogalusa Police force investigated the accident and he testified that the defendant’s insured, who was driving the insured vehicle was drinking at *754 the time of the accident and that the traffic light was in good working order.
Upon these facts it seems the accident occurred through the sole negligence of the driver of the insured car, and the case is similar to that of Greenwood v. Romby, La.App., 51 So.2d 859, as well as that of Moore v. Christoffersen, La.App., 147 So. 914. In both of the cited cases the defendants crossed into traffic against a red light signal, colliding with the plaintiffs.
Finding no manifest error, the judgment of the Lower Court is affirmed.