No. 3339

Second Circuit

———

**LEWIS v. BRUNSON**

———

(May 8, 1929. Opinion and Decree.)

———

Barksdale, Warren and McBride, of Ruston, attorneys for plaintiff, appellee.

McInnis and Campbell, of Minden, and Dhu Thompson, of Ruston, attorneys for defendant, appellant.

ODOM, J. This is a damage suit growing out of a collision between two automobiles, one owned by plaintiff, and the other owned and operated by the defendant. The suit was filed on August 21, 1928, and put at issue by answer filed on September 18th, following. On November 7th, the case was set down to be tried on December 6th, when it was tried in part and finished, and judgment rendered the following day for plaintiff.

Defendant appealed, not, however, from the judgment on its merits, but first, on the ground that the Court erred in refusing a continuance; and second, on the ground that the Court erred in refusing to grant a new trial. We shall dispose of these points in the order named.

## ON MOTION FOR CONTINUANCE

Defendant resides in Webster Parish, but the suit was brought in the Parish of Lincoln because the collision between the two automobiles out of which the suit grows took place in that parish. Defendant employed McInnis & Campbell, attorneys, of Minden, Webster Parish, to represent him. They were his chief counsel. They, however, invited Mr. Dhu Thompson, of Ruston, Lincoln Parish, to become associated with them in the case and he accepted. He signed the necessary answer with them, filed it, and looked after preliminary matters such as preliminary motions, setting of the case, etc. The case was set for trial for December 6th, at the suggestion, as we understand it, of defendant's counsel. McInnis & Campbell were employed in a criminal case to be tried in Minden during the same week, but at the time the two cases were set

there was no conflict in the dates. However, for some reason the criminal case in which counsel were interested at Minden was carried over and finally set for trial for the same day on which this civil case was to be tried at Ruston.

On the morning of the 6th, Mr. Thompson, associate counsel, filed a motion for continuance on the ground that Mr. McInnis, senior member of the firm of McInnis & Campbell, could not be present for the trial of the case on account of being engaged in the trial of the criminal case at Minden, and that McInnis was the only attorney in the case who had any knowledge of the facts connected with it. The motion for continuance was tried and the above facts were testified to by defendant, Brunson, and by Mr. Thompson. It was shown on the trial of the motion that some of the witnesses for plaintiff had come from a distance and could not be easily gotten to court for another day. The Court overruled the motion, and ordered that the trial proceed.

The record discloses the following:

By Mr. Thompson:

"In view of the Court's ruling on the motion for continuance, counsel for defendant asks for reasonable time to confer with the defendant, and see if he can get in touch with his witnesses and in order that he might attempt to handle the case."

By the Court:

"It is now 11:45 A.M. and the Court grants you until 1:30 P.M., at which time we'll proceed with the trial of the case."

The record does not disclose that counsel for defendant excepted to the ruling of the Court or that he reserved a bill. This he should have done in order to bring the ruling up. C. P. art. 488. The record does not show that counsel objected to going to trial after the motion

for continuance was overruled So, strictly speaking, there is nothing before this Court to be passed on. However, we shall dispose of the point as though it had been properly brought up.

## ON THE MERITS

We do not think the Court erred in refusing to grant the continuance. It is not suggested that there is anything complicated about the case. It is an ordinary damage suit involving damage to plaintiff's automobile on account of a collision with that of defendant, and the pleadings show that only questions of fact are involved. Mr. Thompson is a very able attorney with many years of experience at the bar. The defendant, who was driving his own car when the collision took place. was present, as well as all of his witnesses. It would have taken but a few moments for defendant to relate the facts in connection with the collision, as he was driving his own car at the time it took place and all of his winesses being present, it would have taken but little longer for him to find out what they knew. Besides, the answer, with which he was familiar, set up in detail the defenses relied upon. Subsequent events indicated that Mr. Thompson did become familiar with the case. The Court granted him time in which to confer with the defendant and the witnesses and, when court reconvened, he asked for no further time, but proceeded with the trial without objection.

It was further shown that on the day before the case was to be tried, McInnis, through Thompson, requested McBride, counsel for plaintiff, to postpone the trial, which request was refused, McBride giving as his reason that he had witnesses from Homer, Monroe and Shreveport, one a traveling man who probably could not be gotten before the court again. Both McInnis and Thompson, therefore, knew on the day before the trial that there would be objection to a continuance. McBride suggested to McInnis that his partner, Campbell, come to Ruston and try the case. McInnis stated that Campbell had not talked with the witnesses. That was no sufficient reason. McInnis had talked with them and he could have informed Campbell. Furthermore, there is no reason suggested why Campbell, himself, could not have seen defendant, who lived in Minden, and familiarized himself with the defense, as he had ample time in which to do so. It is not suggested that Campbell, the partner of McInnis, was personally engaged in the trial of the criminal case at Minden. With reference to the conversation which McBride had with McInnis on the day before the trial, Mr. McBride testified:

"Mr. McInnis then stated that he would send all the witnesses over here to Ruston today (the day set for the trial) and have an application made for continuance and in case it was overruled, request Mr. Thompson to try the case for him."

It is not now suggested that if McInnis, chief counsel, had been present additional evidence could have been adduced which would have changed the results.

The matter of granting or refusing continuances is one left within the sound discretion of the trial court and his ruling will not be interfered with, except in extreme cases. Article 468, Marr's Revised Code of Practice (1927), and the many cases there cited.

"In cases of continuance, the Judge is vested with large discretion, and we will not disturb his ruling, unless it is manifestly a gross abuse of the discretion with which he is vested."

Johnson vs. Dean et al., 48 La. Ann. 100, 18 So. 902.

The trial Judge did not abuse his discretion in this case.

### ON MOTION FOR NEW TRIAL

The trial of the case was taken up at 1:30 on Thursday, December 6th, and proceeded with until the hour of adjournment late in the afternoon, but was not concluded, only the witnesses for plaintiff having been heard. The following day, Friday, was the day set apart for the trial of misdemeanor cases, which trials, under the custom and the rules of the Court, had the right-of-way on the docket, even over civil cases already begun. Before court adjourned on Thursday, Mr. Thompson, counsel for defendant, stated to the Court that he disliked to have his client and witnesses come back to court on the following day and wait, when there was no certainty when the misdemeanor docket would be clear in order to resume trial of the civil case and asked that the civil case be reset for Saturday. Whereupon a controversy arose between counsel as to whether the case should be reset for Saturday or whether it should go over according to custom and be taken up immediately following the completion of the misdemeanor docket on the following day. Counsel for plaintiff suggested to Mr. Thompson that if he were permitted to ask one of his witnesses one question on a point which would probably not be admissible, except in rebuttal, he would be willing to reset the case for Saturday. To this, Thompson objected. Whereupon the Judge ordered court adjourned. The minutes of the Court do not show a resetting of the case nor when the trial should be resumed. Whereupon, Thompson told defendant and his witnesses to re-turn home and that they would be notified when to return.

On the following day when the misdemeanor trials were concluded, which was about 11 o'clock, the Court ordered the trial of this case resumed and, upon inquiry, it was found that Mr. Thompson had left town. The Court permitted counsel for plaintiff to put in such additional testimony as he saw fit, and after hearing the evidence, judgment was rendered for plaintiff.

Counsel for defendant filed motion for a new trial on the ground that the Court resumed trial of the case on Friday during his absence and without giving any previous notice that such would be done.

The evidence introduced on the trial of the motion discloses that there is decided conflict between the testimony of the trial Judge and counsel for plaintiff, on the one side, and that of Mr. Thompson, counsel for defendant, on the other, as to what order the trial Judge made on Thursday with reference to further disposition of the trial.

Before beginning the trial of the motion, the Judge dictated from the bench a lengthy statement as to what had taken place and as to the order he gave, and we quote therefrom the following:

"* * * I especially stated in my remarks that the continuance of this case would be taken up immediately after the completion of the misdemeanor docket next day, and that is what brought on the discussion about keeping the witnesses here on the part of defendant's counsel until that time. As it was indefinite as to what time of the day the misdemeanor docket would be disposed of, it was stated by Mr. Thompson, that it might occupy the whole day and to keep his client and witnesses there all that time and then not be able to try the case, would work

a hardship and to fix the case another day. There were several witnesses here, and out of town witnesses too, and I didn't feel that the Court ought to carry the case over any longer than was absolutely necessary; I didn't think that the matter of convenience, simply convenience, of parties should be sufficient reason for carrying the case over until some other time, or until some other term of Court, and so I let the matter stand right where my announcement was made, immediately after the misdemeanor docket was concluded, that the case would be resumed."

On the trial of the motion, the Judge was sworn as a witness and testified emphatically that he recalled all that had transpired and that he had announced from the bench that the trial of the case would be resumed on the following day immediately after the misdemeanor cases were tried.

Mr. McBride, counsel for plaintiff, was also sworn, and testified in part as follows:

"The Court remarked that it was now adjournment time and stated that the case would go over and be taken up on the following day after the misdemeanor docket for the day had been disposed of."

Mr. Thompson testified in effect that no such order was given by the Judge, or, at least, he had not so understood it. No other witnesses were called, although it appears that other persons were present. The recollection of the trial Judge being the same as that of Mr. McBride, we conclude that Mr. Thompson is mistaken.

The minutes as written by the Clerk do not show that the trial was to be resumed on the following day. But the Judge stated that he saw no reason to dictate his order into the minutes because all parties were present and heard his announcement, and, for the further reason that under the custom which had prevailed for many years, cases begun, but not finished, automatically came up the following day.

Mr. Thompson, after adjournment of the Court, went to the minute clerk and asked him what his minutes would show as to when the case would be resumed, and was told that they would show nothing except that court adjourned, and he then discharged his client and the witnesses and on the following day left town.

If there was any doubt and uncertainty in counsel's mind as to when the case would be resumed, he should have satisfied himself by consulting the Judge and others who were present.

Counsel says that he relied upon the minutes which made no reference to this case, but showed merely that the court adjourned. Admittedly, all the discussion which took place related to the further disposition of the case. Counsel for defendant suggested that the case be reset for another day and not resume on Friday. To this suggestion, counsel for plaintiff was willing to assent, provided he be permitted to ask one of his witnesses a question relating to a matter not admissible except in rebuttal. To this, counsel for defendant would not agree. The Judge had already stated that the trial would be resumed on the following day and this order provoked the discussion between the attorneys. As no agreement could be reached by them, the Judge ordered court adjourned without recalling or modifying his previous order.

The Court had no written rules as to the disposition or carrying over of cases once begun, but not finished. In the absence of such rules, an order by the Court

from the bench was notice to and binding upon all parties.

Trial judges have the right and power to regulate and control proceedings in their courts and may issue such orders as they see fit for the dispatch of business before them and in the furtherance of justice. There was nothing in these proceedings calculated to mislead anyone.

The Judge says that when counsel failed to appear and was found to be out of town on Friday when the case was reached, and, in view of his order of the previous day, he considered that the case was abandoned.

The granting or refusal of new trials is largely within the discretion of trial courts and their rulings will not be disturbed, except in extreme cases or where manifest injustice has been done. See generally "New Trial," Vol. 5, La. Digest.

Besides, counsel do not suggest or contend that the judgment on the merits is contrary to the law and the evidence or that any additional evidence could have been adduced warranting a different finding. There is no ground for our interference in this case.

Counsel for appellee moves that the judgment be amended by increasing the amount, his claim being that the Court should have allowed something for the loss of the use of his car. His testimony on that item is too vague. He also asks that defendant be penalized for prosecuting a frivolous appeal. The circumstances do not warrant such action by this Court.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed, with all costs.