EASTERN DIST.
*April*, 1840.

BANK OF ORLEANS *vs.* WHITTEMORE.

APPEAL FROM THE COMMERCIAL COURT OF NEW-ORLEANS.

BANK OF OR-
LEANS.
*vs.*
WHITTEMORE.

An affidavit for a continuance, on account of the absence of a witness, which does not state that his departure was unknown to the affiant and his testimony could not be had, is insufficient.

Where a special defence is set up, it may be considered a waiver of the plea of the general issue.

This is an action against the makers and the endorsers of a promissory note, drawn to the order of and endorsed by the firm of Whittemore, Blair & Co.

The defendants, Whittemore & Blair, severed in their answers, and pleaded a general denial; and Whittemore set up a special defence, averring that the endorsement of his late firm was made after its dissolution, without his consent, and is not binding; that plaintiff has released A. B. Bein, one of the original parties as maker of the note, by which he is discharged. There was no trial as to R. Bein, the maker and one of the endorsers. Blair made no defence on the trial. Whittemore failed to make out his special defence, but moved for a continuance on the score of absence of a material witness. He omitted to state in his affidavit that this person departed without his knowledge, and that he was unable to obtain his testimony, and the continuance was refused; a bill of exception taken, and judgment given for the plaintiff; from which the defendant, Whittemore, appealed.

*L. Peirce*, for the plaintiff.

*Greiner*, contra.

*Morphy, J.*, delivered the opinion of the court.

This is a suit brought against R. Bein, as drawer, and Whittemore, Blair & Co., as endorsers, of a promissory note held by plaintiff. Whittemore, the present appellant, made a separate answer, setting up for special defence that the note sued on was given long after the time it was dated, and long

after the dissolution of the firm of Whittemore, Blair & Co. had taken place; and that the endorsement of Whittemore, Blair & Co. was placed on said note without his consent; that all these facts were well known to the plaintiff, who moreover released the defendant from the payment of this note, by taking upon itself, without defendant's consent, to discharge from all responsibility A. B. Bein, for whom the defendant, if liable at all, was responsible as endorser or surety jointly with the other persons sued with him in this case. Judgment was rendered against the defendants, and Whittemore appealed.

Eastern Dist. *April,* 1840.

BANK OF OR-LEANS. *vs.* WHITTEMORE.

The record furnishes no evidence whatever in support of the defence set up by the appellant; but our attention is drawn to a bill of exceptions to the opinion of the judge below, who refused a continuance asked for by defendant, on the score of the absence of a witness. It was expected to prove by this witness that the notice of protest was left at the store of the assignees of Blair & Lawes, and not at the store of Whittemore, Blair & Co., as stated in the notary's certificate. We think that the judge did not err. Independent of the insufficiency of the affidavit, which does not state that affiant did not know of the departure of the witness, and could not have obtained his testimony, it appears from the evidence that at the dissolution of the firm of Whittemore, Blair & Co., the new firm of Blair & Lawes was entrusted with the liquidation of their affairs, and that Blair, one of them, had promised to pay. The special defence set up by the appellant might, moreover, be considered as a waiver of the general denial.

An affidavit for a continuance, on account of the absence of a witness; which does not state that his departure was unknown to the affiant, and his testimony could not be had, is insufficient.

Where a special defence is set up, it may be considered a waiver of the plea of the general issue.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Commercial Court be affirmed, with costs.