### No. 3765.—R. L. Pruyn *v.* James H. Gibbens.

The affidavit of a defendant that he is sick and unable to attend court as a witness on the day of trial, is not good cause for a continuance of the case, if it be admitted by the opposite party that he would, as a witness, if present, swear to what he had set forth in the affidavit. C. P. 466.

APPEAL from the Fifth Judicial District Court, parish of East Baton Rouge. *Posey,* J. *Favrot & Lamon* and *A. S. Herron,* for appellee. *Fuqua & Callihan,* for appellant.

Howe, J. The defendant, who has appealed, states in his brief that "the thing of which he most complains and wishes to press upon the attention of this court is the harsh and extraordinary exercise of power on the part of the judge below in forcing him to trial at the time he did."

The answer, a general denial, was filed on fourth December, 1871, and on the same day a motion for continuance, in which the defendant's counsel state that their client has been absent from the State; has only returned within the last two weeks; has special defenses to make, which they have been unable to learn from his wife with sufficient clearness to enable them properly to set up, or present them to the court.

This motion was overruled, and the case reassigned for seventh December, 1871.

On the sixth December defendant filed an amended answer, from which it appears that counsel must have been thoroughly acquainted with his grounds of defense.

On the day fixed for the trial of the case, defendant filed another motion for continuance, supported by affidavit. The reading of this motion will show that defendant must have had a conference with his counsel, and apprised them of all the facts upon which his defense rested. He swears as to the facts he intends to prove both by his own and Viglini's testimony.

It was admitted by plaintiff that if defendant and Viglini were present they would swear to the facts as stated in the affidavit for continuance. They are the only two witnesses of whose absence defendant complains. Defendant's affidavit does not show that he was not aware of the witness' intended departure, and could not have obtained his testimony. 15 L. 276.

The district judge overruled this second motion for continuance, and we do not think he erred in so doing. The requirements of art. 466, C. P. were fulfilled by plaintiff's admission; and we are not aware of any rule of law which prescribes that in such a case a plaintiff shall not recover his judgment until the defendant recovers his health.

Upon the merits there is some conflict of testimony as to the precise amount due, but we do not feel authorized to disturb the judgment. At the same time we are not satisfied that damages should be awarded for a frivolous appeal.

Judgment affirmed.