## No. 10,758.

### PETER LABOUISSE VS. ORLEANS COTTON ROPE AND MANUFACTURING COMPANY.

Applications for continuances on account of the absence of one of the parties to a suit, is a matter left to the sound discretion of the trial judge, and will not be interfered with unless manifestly unjust.

Where a case is allotted to one division in the Civil District Court, parish of Orleans, and a judge in another division takes jurisdiction and the parties make no objection, it is too late to urge the matter in this court.

A solidary co-debtor can not compete with his creditor to prevent payment to the latter of the solidary debt out of the proceeds of the property of the other debtor.

APPEAL from the Civil District Court for the Parish of Orleans. Monroe, J.

---

· *Bayne, Denègre & Bayne* for Plaintiff and Appellee:

The transcript made up under the direction of opponent's counsel, purporting to embrace three several parts, is not aided by any assignment of errors, and is so confused and incomplete that the appeal should be dismissed. Miller vs. Shotwell, 38 An. 103; Samuels vs. Brownell, 38 An. 34.

The opposition and claims of the appellant were dismissed, and the judgment of the court *a qua* dismissing the same (as showing no cause of action) was affirmed by this court, and is conclusive of the controversy herein. Opinion Book No. —, p. —.

Plaintiff Labouisse and the Canal Bank sued the Orleans Rope Manufacturing Company, of which Mr. Lallande was president, and obtained judgment, upon upon which they issued execution and sold property of their debtor to pay the same. After these judgments were obtained the syndic of Lallande's creditors filed a petition asking for judgment against the Rope Manufacturing Company upon the same notes which belonged to Labouisse and the Canal Bank, and upon which the syndic had no claim. Mr. Lallande, as president, confessed judgment in favor of his syndic, and the syndic now claim to be paid by preference over the plaintiff and the Canal Bank from the proceeds of sale realized under their executions. The statement of the claim refutes it. 33 An. 60; 11 An. 293.

Labouisse vs. Cotton Rope Co.

*W. S. Benedict* for the Syndic and others, Defendants and Appelants, cited: 36 An. 519; 30 An. 1332; 40 An. 149.

*Walter S. Finney* and *Henry C. Miller* for the Canal Bank, Plaintiff and Appellee:

1.  A judgment will not be disturbed as between persons not parties to the suit.
2.  A continuance on the ground of absence of party must be asked *in limine*. It is discretionary on the part of the trial judge. 36 An. 716.
3.  Objection, suggested for first time in appellant's brief, to jurisdiction of one division of Civil District Court because a case is allotted to another must be raised *in limine*. The proceeds of sale were realized under writs of plaintiff Labouisse and Canal Bank from seizure made at the same time. See p. ——— 33 An. 1421; 39 An. 302; James vs. Meyer, 42 An.
4.  A solidary co-debtor can not compete with his creditor to prevent the payment to latter of the solidary debt out of the proceeds of the property of the other co-debtor.
5.  A party can not confess judgment as " president " in his own favor as an individual to the prejudice of his judgment creditors.
6.  A confessed judgment by a party as "president" in favor of himself individually on claims due to others and by them already merged in judgments against the corporation of which he is president is a nullity.

The opinion of the court was delivered by

McENERY, J.  The plaintiff and the Canal Bank, judgment creditors of the defendant company, issued executions on their judgments, seized and sold the property of the company.  These judgments were obtained on notes upon which J. B. Lallande was the endorser.  Lallande was the president of the company.  He went into insolvency.

After these judgments were obtained, Lallande, president of said company, confessed judgment in favor of Eugene Soniat, the syndic of this insolvency, against said company for a large amount.

The confession of judgment, which was rendered executory, was predicated upon two items of indebtedness; the endorsements upon which the plaintiff and the Canal Bank had obtained judgments, and for advances made to the defendant company by Lallande.

The plaintiff and the bank each took a rule on the sheriff to distribute the proceeds of the sale of the property seized and sold under their executions.

Eugene Soniat, syndic, filed a third opposition, claiming that by virtue of the judgment rendered on the confession of Lallande in favor of his insolvency and against said company, he, as syndic, had a priority on said proceeds over the seizing creditors.

The rules were made absolute.   Soniat, syndic, appeals.

The rules were fixed for trial and continued to another day, when they were tried.   The syndic complains of the denial of his application for a continuance.   The grounds alleged are that he was an important witness and that he was absent on business in a neighboring court on behalf of the insolvency.

The continuance was applied for during the course of the trial.

Had the syndic been present and testified, his evidence could have no material bearing on the case.   He could not establish an indebtedness when none existed, nor could he create a privilege when the law allowed none.

The trial judge, however, disposes of the whole matter, in his statement, where he says the continuance was applied for to delay the case.   In such case the discretion of the trial judge will not be interfered with.   Cameron vs. Lane, 36 An. 76.

The petition on which the confession of judgment was based shows that the defendant company owed Lallande nothing as indorser.   He did not pay the notes.

The account annexed to the petition is not a privileged claim.

Lallande, as the indorser of the notes given by the company to the plaintiff and the Canal Bank, could not compete with them out of the fund realized from the sale of the company's property, as the company was a *solidary* co-debtor with him.

The Mutual National Bank was also a judgment creditor of the defendant company.   The syndic complains that the bank was not made a party to the note.   This is a matter that does not concern the syndic.   It was the privilege of the bank to assert its own rights.

It is suggested in the brief filed by the syndic that, as the seizure was made in Division B of the Civil District Court, no other division had jurisdiction to regulate the seizure.

The Civil District Court had jurisdiction of the case.   The divisions are parts of the same court.   The objection made comes too late.   It ought to have been urged *in limine* in the lower court. Perine vs. Riley, 39 An. 303; James vs. Meyer, 43 An. *ante*, 38.

Judgment affirmed.