No. 13,831.

MRS. EMMA WETTA, WIDOW OF JAMES L. DYER, VS. THE NEW ORLEANS
& CARROLLTON RAILROAD COMPANY.

### SYLLABUS.

1.  Plaintiff, after the defendant had failed to produce testimony, which plaintiff
    avers was taken in answer to interrogatories, assumed to supply the testi-
    mony in her own behalf which testimony defendant had (according to
    plaintiff's averment) taken in its behalf and which plaintiff contends is
    favorable to her cause.
2.  After plaintiff had undertaken to have the witness examined under com-
    mission, continuances were obtained by plaintiff.
3.  It was not made evident that the commission was executed, and, in conse-
    quence, the court holds that defendant cannot, under the circumstances of
    the case, be held bound for the failure to produce the return of the commis-
    sion.
4.  Instead of insisting upon the return of the commission, plaintiff herself
    sought to have the testimony taken and failed to show proper diligence in
    this attempt. She was without right to return to the act of omission
    charged in matter of this testimony and made it a ground to reinstate her
    suit.
5.  Granting or refusing a commission is a matter within the discretion of the
    court of the first instance and unless arbitrarily granted or refused affords
    no ground to set aside a judgment of non-suit.

APPEAL from the Civil District Court, Parish of Orleans.—
*St. Paul, J.*

*Benjamin Rice Forman,* Plaintiff, Appellant.

*Dart & Kernan,* for Defendant, Appellee.

The opinion of the court was delivered by

BREAUX, J. Plaintiff, on the 29th of October A. D. 1896, instituted
suit against the defendant to recover damages for negligently causing
the death of her husband, James L. Dyer.

The only witness, plaintiff avers, who was with her late husband at
the time he met his death and whose testimony in consequence was
material in establishing her claim, left the city and went to New
Jersey. Plaintiff, on June 9th, 1899, on making required oath,
obtained a commission to take his testimony.

Prior to that time, on the motion of the defendant, a commission
had been issued to take the testimony of this witness, but plaintiff says,

when it was returned, defendant did not have it filed. On the 16th
of May, 1899, plaintiff's counsel sued out a rule to compel the defend-
ant to show cause why the commission and interrogatories, and the
complete return of the commissioner, who executed the commission
which had been issued to take the testimony of this witness, should not
be filed. The rule was dismissed, reserving, however, to plaintiff the
right to require the production of the commission and interrogatories
by *subpoena duces tecum.*

At the beginning of the following term of court, plaintiff sued out a
rule for *oyer* of the interrogatories and cross-interrogatories which
was issued and made absolute.

Appellant urges that this was not complied with by defendant. On
January 13th, 1899, on plaintiff's motion, defendant was ordered to
show cause why the return should not be made of said interrogatories
and cross-interrogatories as previously ordered.

On the 9th day of June, 1899, plaintiff, on the other hand, under-
took to obtain the testimony of this witness, E. C. Schaeffer, and to
that end sued out interrogatories to have him examined at his place
of residence in New Jersey. The commission to take the testimony
of the witness was made returnable on the first of October, 1899.
Plaintiff was not more successful in this attempt than she had been
in the attempt to compel the defendant to return the interrogatories
and cross-interrogatories propounded to him into court.

On March 20th the case having been called for trial, on motion of
Mr. Jones, her counsel, and for the reasons he assigned, the case was
continued to the next jury term.

On June 12th, 1899, the case was called to be tried by a jury. The
court said, as shown by the minutes, that after having heard counsel
for plaintiff on his application for a continuance, a continuance was
ordered to the next jury term.

The commission made returnable by order of the court on the first
of October, as before stated, was not executed before the first of
December following. On the sixth of that month, defendant was
ordered to show cause why the depositions should not be read in
evidence. The court, as made to appear by the minutes, said on the
day that this motion was heard, that, on the 8th of December, 1899,
after having heard objection of counsel for defendant to the date of
the issuance of the commission it dismissed the rule to read the depo-
sition in evidence on the trial of the case.

On December 12th, 1899, on the court's order, another commission was issued to take the testimony of this witness returnable in thirty days. Before that time had elapsed, in accordance with prior fixing, the case was called for trial. It was then that plaintiff moved for continuance (the last time) and sustained her application by oath setting forth in substance that she was informed that shortly after having brought suit the witness (Schaeffer) left the State of Louisiana and that she had great difficulty in finding where he was and had tried on several occasions to get his testimony and after the utmost diligence on the part of herself and her counsel, S. S. Jones, she succeeded in locating him on the first day of December, 1899. His testimony was taken, but on rule to show cause the motion to read the testimony on the trial was dismissed for informality. That in due time the commission would be returned and be presented to the court to be read.

Mr. Jones, of counsel, corroborated the affidavit of plaintiff for the continuance of the trial to another day.

The motion for a continuance was overruled, and on the 19th day of December, 1899, the plaintiff having waived the trial by jury, the court ordered a judgment of non-suit to be entered from which plaintiff appeals.

Plaintiff's first complaint is that defendant was at fault in not returning into court the depositions of the witness in question and that by defendant's conduct she (plaintiff) was influenced to believe that his depositions would be returned into court; that on the 9th of June, 1899, failing to get these depositions, she moved for a commission which was made returnable on the first of October.

It is quite true, as contended by plaintiff, she had the right to call upon the defendant to produce these depositions and had she insisted doubtless they would have been produced, or it would have been shown, we think, why they were not produced and a record would have been made up that would have presented all the facts in this connection.

Whether it was proper on the part of plaintiff to proceed as she did in the first place by rule or by motion for *oyer,* no longer presents an issue by reason of the fact that after the first rule—that is, the rule to compel defendant to produce the commission and its return had been dismissed, she, on motion for *oyer,* obtained needful order from the court to defendant to produce the commission. After this order had been granted, plaintiff chose again to move for an order alleging that

defendant had failed to comply with the court's order, and asking that defendant show cause on January 27th, 1899, why proper showing should not be made (to quote from the motion) " of the interrogatories and cross-interrogatories as ordered."

The entries in the minutes show that this last application was never tried. It was twice continued, the last time indefinitely. The result is that there is no evidence before us of an executed commission, Plaintiff, in argument, said that it had been executed, while defendant is equally as confident that it was not. The clerk in his certificate sets out that the commission and interrogatories are not in the record. Nothing is mentioned of missing return of the commission.

On March 20th, 1899, as before mentioned, the case itself was continued to another jury term, and in the time intervening between the two jury terms, plaintiff sued out a commission as before mentioned to take the deposition of this witness, Schaeffer. The commission was not returned within the time it was made returnable by the court.

She knew in June, 1899 (she alleges it), that the witness was in Newark, New Jersey. True, it is shown by affidavit, the verity of which we have no reason to question, that the witness refused to testify before he did testify, saying that he " was coming South," affiant says. But this, of itself, does not explain the delay in taking out another commission after the first had been illegally executed.

It must have been manifest to plaintiff that a commission executed thirty days after the return day was not legally executed, and was not admissible in evidence. Instead of immediately seeking to have another commission executed properly, plaintiff delayed in order to have a motion passed upon by the court which she should have known would not be sustained.

The case, filed in 1896, had been continued on motion of plaintiff from jury term to jury term. The court, we infer, had concluded that it had become proper to require more diligence than had been shown in order again to continue the case for a trial by jury. We are not of the opinion that the court erred. The Latin maxim may be changed so as to read that it is to the interest of the State that there be a limit to delays.

· Continuances are largely left to the discretion of the court. C. P. 468; State *ex rel.* Isaacson vs. Judge, 34th Ann. 76. They will be cause for reversal only in extreme cases. Cameron vs. Lane, 36 Ann. 719. True, when one had exercised the utmost diligence and had not suc-

ceeded in securing evidence which was on its way by mail the court reversed the ruling which had resulted in refusing " a trifling necessary delay" to admit, as we infer, depositions timely taken. Succession of White, 45 Ann. 633.

We do not think that our case falls within the rule laid down in the last cited decision as the plaintiff had not made a showing of all possible diligence, as found by the court *a qua*. In this finding of the District Court, we have not discovered that there is error. The commission was made returnable a number of days after the day fixed for trial. So far as this may be urged as an objection, it meets with an easy answer, as will be shown by reference to the decision in Schneider vs. Insurance Co., 32 Ann. 1049.

In another suit, if filed, plaintiff will have the opportunity to reassert all rights she may have.

The law and the evidence being with defendant, the judgment is affirmed.