140 So. 25

### STEPHEN R. JONES, Inc., v. GODWIN.
### No. 30928.

Feb. 1, 1932.

Rehearing Denied Feb. 29, 1932.

M. C. Redmond, Dhu Thompson, and Sol Weiss, all of New Orleans, for appellant.

Goff & Goff, of Arcadia, and Albert P. Garland, of Shreveport, for appellee.

ROGERS, J.

Plaintiff sued for the cancellation on the records of Bienville parish of a copy of an alleged incomplete option to purchase certain oil and gas leases, on the ground that it was fraudulently obtained and recorded.

The suit was filed on April 3, 1930, and defendant was duly cited. On April 20, 1930, defendant appeared through his attorney and excepted to the petition. The exception was overruled on April 30, 1930, and a default entered. On May 3, 1930, defendant filed his answer, and obtained an order authorizing him to take testimony by commission in and out of the state. The case was then fixed for trial for May 10, 1930, and on May 9, 1930, defendant filed petitions with attached interrogatories to take the depositions of certain alleged material witnesses. No orders were obtained on the petitions. And the few interrogatories addressed to each of the proposed witnesses were substantially the same.

On the day of the trial, defendant did not appear, but his attorney did, and moved for a continuance on the ground that all defendant's witnesses were nonresidents, and that he did not have sufficient time to prepare the necessary interrogatories and to obtain the necessary orders for the taking of the testimony.

Plaintiff's attorneys objected to any continuance, on the ground that the defendant was merely attempting to delay the trial so as to impede negotiations between plaintiff and the Arkansas Natural Gas Company, involving a large sum of money, with a view of extorting from plaintiff a large cash settlement by way of compromise in order that the deal might be completed.

Defendant's attorney was a member of the state Legislature, which was about to convene on May 12, 1930, and plaintiff's attorneys contended that, if defendant secured the continuance applied for, the case could not be tried in the district court until the following September or October, as the court would be in vacation during July and August, and its deal with the Arkansas Natural Gas Company would be seriously interfered with unless plaintiff was willing to pay some money to the defendant by way of compromise, although defendant was unable to comply with the terms set forth in the proposed option, and had, in fact, abandoned his intention of purchasing plaintiff's leases.

The motion for a continuance was regularly tried and overruled, and the case ordered to trial on the merits. Defendant's attorney requested time to apply to this court for the appropriate writs, which request was refused. He then retired from the courtroom, and the case was proceeded with, resulting in a judgment in favor of plaintiff, from which judgment defendant has taken this appeal.

Defendant's sole complaint before this court is leveled at the trial judge's refusal of his motion for a continuance.

After the suit was filed, defendant and a Mr. McDonald, who seems to have been as-

sociated with him, requested plaintiff's local representative and its local attorney to meet them in the Youree Hotel at Shreveport. In the discussion which ensued at this meeting, Mr. McDonald, speaking for defendant, demanded that plaintiff pay defendant a sum of money by way of settlement, stating that, 'if the money was not paid, defendant would keep the matter in court, thereby obstructing the transaction between plaintiff and the Arkansas Natural Gas Company. Mr. McDonald also told a Mr. Fuller, who was engaged in some development work, about the present suit, and that he would probably get something out of it; that, although they (meaning defendant and himself) might not secure judgment, they could force a compromise by keeping plaintiff in court and preventing it from closing a deal.

Plaintiff's attorneys stated in open court that, if defendant's attorney would submit in writing what he expected to prove by each of the witnesses referred to by him, plaintiff would admit that such witnesses would testify to the facts stated. But defendant's attorney refused to do this.

Plaintiff invokes the rule that a motion for a continuance is addressed to the discretion of the court, and will be granted or refused so as to terminate the case as speedily as possible consistent with justice. Code Prac. art. 468; Wetta v. New Orleans & C. R. Co., 107 La. 383, 31 So. 775; Cameron v. Lane, 36 La. Ann. 716; State v. Judge, 34 La. Ann. 74.

Plaintiff also relies on the rule that, if the plaintiff admits that, if the absent witnesses were present they would swear to the facts stated in the affidavit, the defendant is

not entitled to a continuance. Bank of Orleans v. Whittemore, 15 La. 276; Pruyne v. Gibbens, 24 La. Ann. 231; Cole v. La Chambre, 31 La. Ann. 41.

We think both rules are controlling of the case. The facts as disclosed by the record do not show that the trial judge acted arbitrarily in refusing defendant a continuance. Apart from the general averment in the motion for a continuance that defendant was dependent upon the testimony of the nonresident witnesses to make out his defense as set forth in his answer, defendant did not show the materiality or importance of the testimony of any of the proposed witnesses. Defendant himself did not take the stand, and was not even present when the case was called for trial. And defendant's attorney declined to specifically set forth in writing what facts he expected to prove by the witnesses, when plaintiff's attorneys offered to admit that the witnesses if present would testify to such facts.

On the merits, we do not find any reason to disturb the judgment. The record shows that negotiations were entered into between plaintiff's local representative and the defendant relative to the giving of an option for the purchase of plaintiff's mineral leases. On October 11, 1929, defendant wrote plaintiff's representative, requesting a copy of the proposed option for the purpose of exhibiting it to the agents of prospective purchasers. On October 14, 1929, a form of option was executed by plaintiff at its office in the city of New York. This instrument was sent to plaintiff's local representative, who, on October 21, 1929, sent it, instead of a copy, to defendant for exhibition purposes, as requested in defendant's letter of October 11, 1929.

Defendant appears to have signed the document, although it was incomplete, certain material stipulations, such as the designation of the bank in which the money and mortgage notes should be deposited in escrow and the time within which the transaction should be completed were left in blank to be filled by plaintiff's local representative when he and defendant had reached their final agreement. Thereafter defendant caused a typewritten copy to be made of the document and the signatures attached thereto, which copy he caused to be recorded in the mortgage records of Bienville parish; Mr. McDonald, his representative, requesting the clerk of court to keep the recordation secret, which the clerk very properly refused to do. Defendant never notified plaintiff or plaintiff's local representative that he had signed the form of option which had been sent to him to exhibit only, nor that he had caused a copy thereof to be recorded in the parish records.

Plaintiff and defendant had never agreed on the bank to act as escrow agent, nor on the time within which the option was to be exercised. And defendant never made a survey or investigation of the properties, and never offered to deposit the $90,000 in cash and the mortgage notes of $45,000 and $22,000, respectively, as provided in the proposed form of option. On the contrary, defendant orally advised plaintiff's local representative that "everybody was broke," and that he did not know which way to turn, and that so far as he was concerned there was nothing further he could do with the property. Plaintiff then entered into its negotiations with the Arkansas Natural Gas Company, and had arranged to dispose of its mineral leases to that company, when it was discovered that defendant had recorded in the parish records a copy of the proposed option submitted to him. This suit for the cancellation of the inscription immediately followed.

For the reasons assigned, the judgment appealed from is affirmed.