### WILD v. STANDARD GENERAL REALTY CO., Inc.*
### No. 14309.

Court of Appeal of Louisiana. Orleans.
Dec. 19, 1932.

Spearing & McClendon, of New Orleans, for appellant.

R. R. Ramos, of New Orleans, for appellee.

WESTERFIELD, J.

The judgment appealed from is attacked upon the ground that the court, a qua, improperly declined to grant a continuance and thus deprived appellant of an opportunity to present its side of the case.

It appears from the record that on the 25th day of May, when this case was called for trial below, the defendant, through its counsel, arose and requested a continuance because of the absence of J. S. McClane, its only witness, stating that McClane was the president of the defendant company and was also its general manager and in charge of its entire business and that in the transaction, out of which this suit arose, he represented the defendant corporation; that the said McClane was ill in bed under the care of a doctor, whose certificate to that effect was presented to the court. Opposing counsel objected to a continuance and insisted upon the case going to trial. The court ordered the case to proceed, giving the following reasons for its action:

"Counsel for the defendant moves the Court to continue this case. Counsel for the plaintiff objects thereto and requests the Court to refuse the continuance.

"This suit is against a corporation, separate and distinct from its stock-holders and officers. In a suit against a corporation, if the testimony of the stock-holders, directors or officers are needed, those individuals must be summoned like any other witness.

"The rules of this Court are clear and explicit and they provide, in order to obtain a continuance on the ground of the absence of a material witness, it is necessary that such witness be summoned at least two days previous to the date fixed for the trial of the cause. If he should not on that day appear, the opposite party has the right to demand a written affidavit of what is expected to be proven by the absent witness, who has been duly summoned and has the right to refuse to admit or to admit, if the witness were present in Court and sworn and examined he would testify substantially to what was in the affidavit, and thereupon, in the last mentioned case, the trial proceeds. In this case there has been no summoning of this witness. The suit is on promissory notes. Legally the defendant has no right to demand a continuance and the suit being on promissory notes, the Court refuses to grant the extra judicial discretion and grant a continuance. The request to grant a continuance is denied and the case will proceed on the merits."

No evidence was offered by defendant, and judgment was rendered against it for the sum

*Rehearing denied January 16, 1933. Certiorari granted by Supreme Court February 27, 1933.

of $1,689.83, with 8 per cent. interest from June 6, 1931.

 The provisions of the Code of Practice pertinent to the subject of "Continuances" are to be found in articles 465–471. See, also, Patin v. Poydras' Ex'rs, 5 Mart. (N. S.) 639; Cameron v. Lane, 36 La. Ann. 716; Pruyn v. Gibbens, 24 La. Ann. 231. Without reviewing the authorities cited, it is conceded that a continuance asked for upon the ground of the illness of a party to a suit should be granted, and that, unless the president of defendant company may be considered as a party to the suit, no legal ground for a continuance existed in this case. A "corporation" is an artificial being created by law entirely distinct from its stockholders. It functions through its officers it is true, but there is no more reason to say that a president is a party under the circumstances, than there would be to say that a vice president, treasurer, secretary, or other official was a party.

█ It is our opinion that the president, on account of whose illness a continuance was applied for in this case, was not a party, but a witness in the case and, no summons having been issued to him, defendant is without legal right to complain of the action of the court in refusing a continuance upon that ground.

But it is said that even though there be no legal ground for a continuance and the matter be one entirely within the discretion of the trial court, in the interest of justice we should intervene and order a new trial, because of the abuse of such discretion by the judge a quo.

 Under article 468 of the Code of Practice courts are given a "discretionary power to grant continuance whenever the cause alleged by the party applying for it appears sufficient to justify the same." It has been repeatedly held that in the exercise of this discretion an appellate court will not interfere except in extreme cases. Schiro v. Monteleone, 2 La. App. 280; Wetta v. New Orleans & C. R. R. Co., 107 La. 383, 31 So. 775; Newell v. Leathers, 50 La. Ann. 162, 23 So. 243, 69 Am. St. Rep. 395; Labouisse v. Orleans Cotton-Rope & Mfg. Co., 43 La. Ann. 584, 9 So. 492. In our opinion a proper case has not been made out which would justify our interference.

The judgment failed to allow attorney's fees which were provided for in the notes sued on, evidently because attorney's fees were not prayed for in plaintiff's petition. We are asked to amend the judgment and award the attorney's fees under the prayer for general relief. The authorities cited by appellee are to the effect that the averments of the petition should be considered in conjunction with the prayer for relief and such judgment rendered as the nature and justice of the case may require.

"The purpose of a suit and the matters in dispute are to be ascertained from the averments of the petition in conjunction with the prayer, and, where there is a prayer for general relief, the court may act on the averments." LeGoaster et al. v. Lafon Asylum et al., 159 La. 855, 106 So. 329, 330.

"A prayer for general relief authorizes a court of equity jurisdiction to render such judgment as the nature and justice of the case may require." Kinder v. Scharff et al., 125 La. 594, 595, 51 So. 654, 655.

"The prayer for general relief gave a right to interveners to a judgment recognizing their pledge and pawn claimed in the body of the petition." Lochte Co. v. Le Febvre, 124 La. 244, 50 So. 26.

"There is no prayer for interest in the petition; and we think substantial justice will be done by allowing interest from judicial demand, under the prayer for general relief." Schwartz v. Cronan, 30 La. Ann. 993, 1002.

█ The body of the petition in this case sets forth the fact that the notes sued on stipulate for attorney's fees of 10 per cent., though not specifically asked for in the prayer. Under the jurisprudence quoted it appears that a prayer for general relief is sufficient to include the attorney's fees asked for under the circumstances obtaining in this case.

Consequently, and for the reasons assigned herein, the judgment appealed from is amended so as to allow 10 per cent. attorney's fees in addition to the other sums allowed by the judgment, and as thus amended, it is affirmed.

Amended and affirmed.