ROGERS, Justice.
 

 J. L. Wild, of the parish of St. Tammany, sued the Standard General Realty Company, Inc., at its domicile in the parish of Orleans, upon a series of promissory notes, aggregating in principal $1,689.83, and stipulating for interest and attorney fees. The series consisted of eight notes signed by the defendant company through its president, J. S. McClane, dated June 6, 1931, and payable monthly thereafter. None of the notes was paid,- and after the last note had matured, plaintiff brought suit upon the entire series of matured and unpaid notes. s
 

 The notes sued on, admittedly, were issued by the Standard General Realty Company, Inc., in settlement -and extinguishment of a prior series of notes of a like amount given by that company to J. L. Wild. The nine notes constituting this series were dated December 6, 1930, and were payable monthly from January 6, 1931, to September 6, 1931.
 

 Defendant, in its answer, pleaded lack of consideration for the notes sued on and attempted to tie onto the notes a certain contract entered into between J. L. Wild and J. S. McClane, -individually, alleging that the contract had been transferred to it, but without alleging that the transfer had been made with the knowledge or consent of J. L. Wild.
 

 When the ease was called for trial in the district court, counsel for defendant moved for a continuance. Counsel stated, in substance, that his only witness was J. S. Mc-Clane, president, and general manager of the defendant company, in charge of its entire business, and its representative in the transaction out of which this suit arose. That McClane was absent, and had sent him a doctor’s certificate, which he presented, setting forth that McClane was under the doctor’s treatment and confined to bed.
 

 Counsel for plaintiff objected to the continuance and insisted upon the case being tried. The judge of the district court refused to grant the continuance and ordered the case to proceed. His reasons for the ruling were, substantially, that McClane had not been summoned as a witness in the manner prescribed by law, so that plaintiff could exact an affidavit of what the absent witness was expected to prove, and, if he saw fit to do so, could admit that the witness, if present, would testify substantially to what the affidavit contained; and, further, defendant not being legally entitled to a continuance, and the suit being on promissory notes, he refused to exercise the judicial discretion vested in the court to grant continuances.
 

 No evidence was offered by defendant and judgment was rendered in plaintiff’s favor as prayed for. Without asking for a new trial, defendant appealed to the Court of Appeal on the sole issue of whether, on the showing made, defendant was entitled to a continuance. The Court of Appeal upheld as
 
 *667
 
 correct the ruling of the judge of the district court, and the case is brought here on a writ of review.
 

 Relator contends that the Court of Appeal erred in holding that the president of a corporation litigant, when acting in his official capacity, is not a party to the litigation; and that a continuance cannot be obtained by the corporation on the ground of the illness of its president, when he has not been subpoenaed. Relator also contends that the decision of the Court of Appeal is violative of the federal and state Constitutions.
 

 It is true, that the Court of Appeal held, thereby maintaining the ruling of the judge of the district court, that the president of the defendant corporation was not a party, but a witness, in the case, and no summons having been issued to him, defendant’s complaint of the action of the trial judge in refusing the continuance was not well founded.
 

 But it is likewise true, that the Court of Appeal held, thereby also maintaining the ruling of the judge of the district court, that courts are vested with discretionary power to grant continuances whenever they are warranted by the cause alleged therefor, and that defendant had not made out such a case as would justify its interference.
 

 The Code of Practice treats the subject of continuances in articles 464 to 474, both inclusive. These articles were analyzed by the court in the case of Cameron v. Lane, 36 La. Ann. 716, where the defendant, who desired to testify, was absent because of illness, and a continuance applied for on that ground was refused. The court said, at pages 718 and 719 of its opinion in 36 La. Ann., as officially reported:
 

 “It is to be noted that our present Code of Practice has been adopted since the enactment of the law under which parties to suits are entitled to testify in their own behalf, and that it contains no provisions on the subject of continuance of causes which could, under any construction, possibly apply to the testimony of parties to the suit.
 

 “On the contrary, every provision on the subject is pregnant with the idea that parties to suits are entitled to no relief by means of continuance with a view to secure their own testimony.
 

 “Article 465 provides for the case when a witness summoned in the cause has gone away, and the party applying for a continuance swears that he did not know the intention of the witness, or could not prevent his departure.
 

 “Article 471 furnishes the remedy to compel the attendance of a witness duly summoned, by means of an attachment.
 

 “Article 467 provides for the case of the sickness of a witness, and points out the mode of securing his testimony.
 

 “Article 466 furnishes the means of avoiding the continuance of a cause on the ground of the absence of one or several witnesses, by requiring the party relying on the testimony of such witnesses to disclose on oath what facts he intends to prove by them. But the Code is absolutely silent on the subject of unavoidable or even unforeseen absence of one of the parties to the suit, whose testimony may be needed in support of his cause.
 

 “Hence, the only guidance of courts in such an emergency is Article 468, which provides as follows:
 

 
 *669
 
 “ The court has, besides, a discretionary-power to grant continuance whenever the cause ■ alleged by the party applying for it appears sufficient to justify the same.’
 

 “This article involves the discretion which is lodged in courts of the first instance, and hence it has been uniformly held by this Court that such a discretion is very great and exceedingly delicate, and that it will never be interfered with by the appellate tribunal, except in extreme cases, where it appears that a glaring injustice has been done to the party applying for a continuance.
 

 “If this rule is safe and wise in ordinary cases, it must apply with greater certainty to cases where the continuance prayed for is predicated on the absence of a party to the suit, and on the indispensable character of his testimony in the cause.”
 

 It appears to us that the foregoing excerpt from the opinion of this court in Cameron v. Lane correctly interprets the pertinent articles of the Code of Practice. Hence, it is wholly unimportant that the court of the first instance and the Court of Appeal, as well, held that McClane was not, in contemplation of law, a party litigant. Conceding that he was a party to the suit, then the question of granting or refusing the continuance because of his absence, under the provisions of article 468 of the Code of Practice, was within the sound discretion of the judge of the district court, who, in addition to refusing the continuance because the witness was not a party, expressly refused to exercise his discretion and grant the continuance. The Court of Appeal refused to disturb the ruling, because in its opinion a proper ease had not been made out to justify its interference.
 

 The judge of the district court saw no sufficient reasons for granting a continuance under his discretionary powers and ruled accordingly. We are in accord with the Court of Appeal in failing to find any warrant for interfering with his ruling.
 

 Counsel for the defendant did not pretend to have any personal knowledge of the illness of McClane. His statement to the court, as disclosed by the record, was that McClane had been reported sick, and had sent him a doctor’s certificate to that effect. But the certificate, itself, is couched in the vaguest terms. It merely recites that McClane is under the doctor’s treatment and confined to bed. It is dated May 18, 1932, and does not affirmatively show that McClane was too ill to appear in court the next day, May 19,1932, when the case was called for trial.
 

 The suit, as stated by the trial judge, was on promissory notes, which, admittedly, had been given plaintiff in settlement or payment for a prior series of notes. The defense of lack of consideration was based on a contract entered into between plaintiff and McClane, individually, which defendant pretended had been transferred to it by McClane, but without alleging that the transfer was made with plaintiff’s consent or knowledge.
 

 Plaintiff is a resident of St. Tammany parish, and, presumably, was present in court for the trial of the case, at some expense and inconvenience.
 

 The circumstances of the case were such as probably to induce the belief in the mind of the trial judge that the continuance was applied for merely for the purpose of delay.
 

 Defendant did not ask the court of first instance for a new trial, pointing out wherein
 
 *671
 
 it was prejudiced by tbe refusal of the continuance. Nor has defendant disclosed to this court wherein it was materially injured by reason of the ruling of which it complains.
 

 For the reasons assigned, the judgment of the Court of Appeal herein under review is affirmed.
 

 ST. PAUL and ODOM, JJ., dissent.