JANVIER, Judge.
Plaintiff, Dr. William H. Gillentine, claims of defendant, Miss Janet McLeod, $305 for professional medical services rendered to her between March 31, 1950, and May 23, 1950. Defendant denies liability to plaintiff, averring “that plaintiff has negligently failed to diagnose and treat defendant’s illness, and has unnecessarily subjected her to substantial expense, discomfort, and suffering as hereinafter set forth.” Defendant then assumes the position of plaintiff in reconvention and avers that, as a result of plaintiff’s failure to properly diagnose ana treat her for the disorder from which she in fact suffers, she *385 sustained a serious illness and has been compelled to expend large sums of money for hospital and medical care, and she prays for a dismissal of plaintiff’s suit and for judgment in reconvention against plaintiff in the sum of $28,858.97. Defendant also prayed for a trial by jury.
When the matter was called for trial by jury in the Civil District Court for the Parish of Orleans, counsel for defendant, plaintiff in reconvention, moved the Court to continue the matter because of the illness of plaintiff and her consequent inability to attend Court in person.
We shall discuss this attempt to obtain a continuance in greater detail later, but at this time find it necessary to say only that the continuance was denied and the matter went to trial before the jury which had been impaneled.
On the second day of the trial, on motion by counsel for defendant (plaintiff in reconveiition), the reconventional demand was dismissed without prejudice as in case of nonsuit. Plaintiff then offered evidence which, in our Opinion, substantiated his claim. On behalf of' defendant there was no evidence except the testimony given by her mother and her father. They both testified on the second day of the trial ánd both said that on the previous day their daughter had been ill. Neither of these witnesses said anything more than that the plaintiff had not been -successful in relieving their daughter’s condition which had been bad for a long time.
The jury required only eighteen minutes to return a unanimous verdict for plaintiff, and the defendant has appealed.
There is nothing in the-record which to any extent tends to outweigh the evidence submitted by plaintiff as to the extent of the professional services rendered by him.nor as to the correctness-of the charges made.
The record shows that the plaintiff bases his claim on services rendered between March 31, 1950 and May 28, 1950, and that during that time he or his associate, Dr. Robert C. Kelleher, saw her very often, and during the portion of the time during which' she was hospitalized one of them saw her at least daily and sometimes twice daily, and that they devoted to most of the Visits much more time than was usually necessary for such visits, and that during the time she spent at the hospital a very large number of tests of various kinds were required.
Plaintiff also testified as to the schedule of fees and charges which he made; that they followed the same schedule which he had been following during the several years preceding March 12, 1950, and that plaintiff had never made any complaint about the correctness of those charges although she had been under his treatment since 1947. Plaintiff said:
“ * * * She had been under treat'ment since 1947 and had found our fee schedule agreeable to her and the charges made subsequent to that time were identical to those made prior tp March 31st of 1950.”
We are convinced as we have already said that'the evidence justifies the charges which plaintiff made, 'and the only matter which we shall further consider is the contention of counsel for defendant that there was an abuse of discretion in the District Judge in his refusal to grant a continuance when it was requested on the ground' that the defendant was ill and could not attend court!
When counsel requested the continuance, he stated that defendant was ill and he produced a certificate from Dr. Allan M. Goldman reading as follows:
“November 18, 1952
“To Whom it May Concern:
“Re: Miss Janet McLeod
“This is to certify that Miss Janet McLeod was hospitalized several times during the year, and has recently been discharged from the hospital. It is advised that she be excused from appearing in court at this time, because any undue alarm would be detrimental to her health.
“Sincerely,
(Signed) Allan M. Goldman, M.D.”
When this certificate was presented counsel for plaintiff requested the privilege of *386 examining Dr. Goldman, and as a result of a telephone conversation with him, it appeared that he was not himself familiar with the condition of defendant who was a patient of his associate, Dr. Murel Kaplan, who was out of the city, and that he, Dr. Goldman, had not seen defendant for about three months and that his certificate as to her condition was based on information obtained from records in the office in which he and Dr. Kaplan were associates.
Counsel for plaintiff call attention to the fact that neither plaintiff nor any doctor had been subpoenaed by her as witnesses, and also to the further fact that on the day preceding that on which the trial was commenced, counsel for defendant had been notified that the request for a continuance would be opposed. Counsel for plaintiff also call attention to certain articles of the Code of Practice concerning the granting of a continuance which read as follows:
“Art. 467. The sickness of one of the witnesses summoned in the cause is not a sufficient cause of continuance, if such witness live at the place and is in a situation to answer interrogatories; in such case the party insisting for trial may require that his deposition be taken by a justice of the peace, in the presence of the adverse party or of his advocate, or after having notified him or his advocate to attend at the examination.
“Art. 468. The court have, besides, a discretionary power to grant continuance whenever the cause alleged by the party applying for it appears sufficient to justify the same.”
Counsel especially direct attention to the fact that nowhere in those articles nor in any others is it provided that a continuance must be granted because of- the absence of a party. And counsel cite two cases in which this has been commented upon. In Cameron v. Lane, 36 La.Ann. 716, in which a continuance was refused by the District Court, although it was requested on the ground that the defendant was ill, appears the following:
“2d. The second ground, which hinges upon the absence of the defendant herself, presents a question somewhat. novel in our jurisprudence, and hence we have given the subject a great deal of reflection and study, including a thorough examination of all our reports on the question of continuance of cases. It is to be noted that our present Code of Practice has been adopted since the enactment of the law under which parties to suits are entitled to testify in their own behalf, and that it contains no provisions on the subject of continuance of causes which could, under any construction, possibly apply to the testimony of parties to the suit.”
The Court called attention to the fact that the defendant obviously had not “been unexpectedly taken suddenly ill” and said that had that occurred “doubtless the Judge would have ruled otherwise.” We note here that the record shows that the plaintiff had been intermittently ill for many years, and that her counsel was, on the day previous to the opening of the trial, aware of the fact that the continuance would be opposed.
In Richardson v. Dinkgrave, 26 La.Ann. 651, the Court said:
“ * * * Plaintiff had not been subpoenaed as a witness, and there was no process by which her attendance could have been compelled. If she had intended to be heard in her own behalf, she should have been present to testify when the time came. * * * The question is whether she had the right to have the case postponed in order to give her an opportunity of being heard. She unquestionably had not the right, and the judge did not therefore err in refusing to continue or postpone the case on account of her absence.”
Counsel for defendant also cite Wild v. Standard General Realty Co., Inc., La.App., 145 So. 58, 59, as holding that the absence of a party authorizes the granting of a continuance. It is true that a continuance was granted in that case, but the Court stated *387 that it had not reviewed the authorities and added that:
“ * * * it is conceded that a continuance asked for upon the ground of illness of a party to a suit should be granted, * * *.”
We feel that the question of whether or not a continuance should be granted is a matter which should be left to the sound discretion of the District Court and that the action of the District Judge should not be interfered with unless it clearly appears that he has abused that discretion. Here it appears that the professional integrity and ability of the plaintiff was seriously challenged and that it was obviously his right to have a decision at the earliest possible moment. A jury trial had been requested by the defendant and, had a delay been granted, it appears that there would have been no possibility of resetting the case for several months. It further appears that obviously medical testimony was of the utmost importance, since the contention of the defendánt is that she is not liable for the professional charges made by plaintiff because he was incompetent and “treated her over a period of several years without diagnosing or treating her real illness,” and that although “she (defendant) was convinced that she had stomach trouble,” the plaintiff “repeatedly stated” that nothing was wrong with defendant’s organs. And she says that this was true although it was finally discovered that, “as a matter of fact, she was and had for sometime been suffering from a serious gastric disorder which plaintiff had failed to diagnose or treat.”
We repeat that these charges obviously made it necessary that medical testimony be produced and yet plaintiff did not summon any medical witnesses nor produce any who appeared voluntarily.
In spite of the argument of counsel for plaintiff that there is no authority for the granting of a continuance where it is requested because of the absence of a party, we are of the opinion that where a party is absent and cannot be present, and a continuance is requested because of that fact, it should be granted unless there are strong reasons for its refusal. We think that those reasons existed here.
The District Judge summed up the situation very well indeed when, after the request for the continuance had been made and the reasons therefor given, he said to counsel for defendant:
“It appears from your own statement that that certificate is based upon hearsay and there is nothing in that statement that states or to the effect that the defendant in suit and plaintiff in re-convention is not able to have her testimony taken out of court; and under those circumstances, I am going to exercise my discretion and order the case tried. That is too serious a matter to keep going over. Her testimony should have been taken before today. Her sickness and her situation must have been known to counsel long before today.”
This record does not show reasons which, under all the circumstances, would justify an interference with the discretion which was exercised by the District Judge.
There is overwhelming authority to the effect that in the granting or the refusal of the granting of a continuance, the discretion of the trial Judge should not be interfered with unless it is shown that there was an abuse of that discretion.
There are innumerable authorities to this effect, but we deem it unnecessary to do more than to refer to the case cited by counsel for plaintiff, Cameron v. Lane, in which the Supreme Court said: /
“ * * * The judge in his discretion must deal with each particular case as it presents itself; and we repeat that his discretion will not be disturbed, except in extreme cases. This Coúrt has gone to a great length in upholding district judges on similar rulings in the trial of cases.”
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.