MARY HOTARD BECNEL, AS INDEPENDENT EXECUTRIX OF THE SUCCESSION OF DANIEL E. BECNEL, JR.

VERSUS

CAMILO K. SALAS III

NO. 24-C-556

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

February 10, 2025

Linda Wiseman
First Deputy Clerk

**IN RE** CAMILO K. SALAS III

**APPLYING FOR** SUPERVISORY WRIT FROM THE FORTIETH JUDICIAL DISTRICT COURT, PARISH OF ST JOHN THE BAPTIST, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE MICHAEL E. KIRBY, JUDGE AD HOC, DIVISION "A", NUMBER 70,582

Panel composed of Judges Stephen J. Windhorst, John J. Molaison, Jr., and Scott U. Schlegel

**WRIT DENIED**

In this writ application, defendant/relator, Camilo K. Salas, seeks review of the trial court's ruling, on the trial court's own motion, to re-open discovery 18 months after the April 28, 2023 discovery deadline had expired.

A trial judge has broad discretion in regulating pre-trial discovery, which discretion will not be disturbed on appeal absent a clear showing of abuse of that discretion. Bell v. Treasure Chest Casino, L.L.C., 06-1538 (La. 2/22/07), 950 So.2d 654, 656. In order to insure for an orderly disposition of cases, a trial judge is given broad discretion to determine whether or not to modify a pretrial order. McDuffie v. AC & S, Inc., 00-2779 (La. App. 4 Cir. 2/14/01), 781 So.2d 628, 631.

It is well-settled that an appellate court will not interfere with a trial court's great discretion to grant a continuance except in extreme cases. Wild v. Standard Gen. Realty Co., 145 So. 58, 59 (La. Ct. App. 1932), aff'd, 177 La. 664, 149 So. 114

(1933).  While recognizing the much discretion which is vested in a trial judge in the matter of granting or refusing continuances, that discretion is not absolute and may not be exercised arbitrarily.  Reviewing courts are vested with the right and duty to correct such errors by the trial judge in matters of this kind.  However, appellate courts should only interfere in such matters with reluctance and in what are considered extreme cases.  <u>Sauce v. Bussell</u>, 298 So.2d 832, 834 (La. 1974).

The trial court's scheduling order at issue in this case is not attached to the writ application, but for the purposes of this disposition, we assume the allegations regarding the history of this case to be correct.  We consider that the trial court's action amounted to a modification of the court's own scheduling order, as permitted by <u>McDuffie</u>, *supra*, and we do not consider this to be an "extreme" case requiring our intervention.  We decline to exercise our supervisory jurisdiction at this time.

Gretna, Louisiana, this 10th day of February, 2025.

**SJW**
**JJM**
**SUS**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **02/10/2025** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**24-C-556**

CURTIS B. PURSELL
CLERK OF COURT

**E-NOTIFIED**

40th District Court (Clerk)
Honorable Michael E. Kirby (DISTRICT JUDGE)
Honorable Vercell Fiffie (DISTRICT JUDGE)
Camilo K. Salas, III (Relator)
Kevin P. Klibert (Respondent)

**MAILED**